Argued and submitted September 4, decision of Court of Appeals reversed and order of circuit court affirmed November 5, 1992

In the Matter of the Marriage of

Debbie Jane WILLIS,
*Petitioner,*

*and*

Jerry Don WILLIS,
*Respondent.*

STATE ex rel Debbie Jane WILLIS,
*Respondent on Review,*

*v.*

Jerry Don WILLIS,
*Petitioner on Review.*

(CC 86P-2328; CA A66506; SC S38753)

840 P2d 697

David Daniel, of Willamette Legal Clinics, Salem, argued the cause for petitioner on review. With him on the petition were Lynda Clark Golar and W. Lincoln Watson.

Michael Ross, Deputy District Attorney, Dallas, argued the cause for respondent on review.

GRABER, J.

Unis, J., filed a concurring opinion in which Fadeley, J., joined.

## GRABER, J.

In this domestic relations case, the circuit court modified father's child support obligation based on a reduction of father's financial status resulting in part from his incarceration. The Court of Appeals reversed the modification order, holding that father was barred from seeking a modification under the equitable doctrine of "unclean hands." *Willis and Willis*, 109 Or App 584, 820 P2d 858 (1991). We reverse the decision of the Court of Appeals and affirm the order of the circuit court.

The parties were married in 1972 and were divorced in 1986. The dissolution judgment granted custody of the parties' two children to mother and ordered father to pay a total of $300 per month in child support. In April 1988, father was ordered to pay an additional $50 per month until an outstanding arrearage was satisfied.

In September 1989, father was arrested for possession of a controlled substance. At the time of the arrest, police observed various items of value at father's residence. Father testified at the modification hearing that some of those items, worth $14,000, were stolen from him after his arrest. Father had court-appointed counsel at his criminal trial, apparently because the court found him to be indigent at that time. Father was convicted and sentenced to a term of imprisonment. When he began his incarceration, in January 1990, father was current in his child support payments, but claimed to have assets of only $8.20.

In April 1990, father moved for modification of his child support obligation, asking that it be suspended until 60 days after his release from custody. He was released from custody on June 22, 1990, and began working about two weeks later, earning $5 per hour. The circuit court held a modification hearing in July 1990 and granted father's motion, relying on *Edmonds and Edmonds*, 53 Or App 539, 633 P2d 4 (1981). In *Edmonds*, the Court of Appeals held that a noncustodial parent is relieved from child support payments while incarcerated unless it is affirmatively shown that the incarcerated parent has sufficient income or assets to make the payments. In the present case, the circuit court found that father had neither income nor assets sufficient to

meet his child support obligation for the period April 2 to August 25, 1990; accordingly, the court suspended the obligation for that period. The order also provided, however, that the obligation would be reinstated dollar-for-dollar if any of father's stolen property were recovered.

Mother appealed, and the Court of Appeals reversed. In doing so, the Court of Appeals expressly overruled *Edmonds and Edmonds, supra. Willis and Willis, supra*, 109 Or App at 586. We allowed review to interpret the statutory provisions that govern the question to be decided.

■ Neither the parties nor the Court of Appeals cited the dispositive authority: ORS 107.135(3)(b). ORS 107.135 provides generally for the modification of child support, among other things. Under ORS 107.135(2)(a), a "substantial change in economic circumstances of a party * * * is sufficient for the court to reconsider its order of support." ORS 107.135(3)(b) provides in part:

> "In considering under this section whether a change in circumstances exists sufficient for the court to reconsider spousal or child support provisions of a decree, the following provisions apply:
>
> "* * * * *
>
> "(b)   If the motion for modification is one made by the obligor to reduce or terminate support, and if the obligee opposes the motion, the court shall not find a change in circumstances sufficient for reconsideration of support provisions, if the motion is based upon a reduction of the obligor's financial status resulting from the obligor's taking voluntary retirement, partial voluntary retirement or any other voluntary reduction of income or self-imposed curtailment of earning capacity, if it is shown that such action of the obligor was not taken in good faith but was for the primary purpose of avoiding the support obligation."

ORS 107.135(3)(c) then lists factors to consider in deciding the issue of "good faith."[1]

---

[1] The equitable doctrine of "unclean hands," on which the Court of Appeals relied below, does not bar a party from seeking a modification of the child support provisions of a dissolution judgment, because ORS 107.135 supplies the governing standard in this situation. ORS 107.135 was first enacted in 1971. Or Laws 1971, ch 280, § 16. ORS 107.135(2) and (3) were added in 1987 and amended slightly in 1989.

Father sought to modify his support obligation, alleging a "substantial change in economic circumstances." ORS 107.135(2)(a). He sought a reduction of the support obligation "based upon a reduction of [his] financial status," ORS 107.135(3)(b), and mother opposed the motion. Under ORS 107.135(3)(b), the question is whether the reduction of father's financial status was a "voluntary reduction of income or self-imposed curtailment of earning capacity" and, if so, whether that reduction or curtailment "was not taken in good faith but was for the primary purpose of avoiding the support obligation."

■ In interpreting a statute, this court's task is to discern the intent of the legislature. ORS 174.020; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). We begin with the text and context of the statute. ORS 174.010; *Porter v. Hill*, 314 Or 86, 838 P2d 45 (1992). In this case, the text of ORS 107.135(3)(b) informs us of the legislative intent.

■ A person who is incarcerated after being convicted of a crime has committed a volitional act that may result in curtailment of earning capacity. Assuming that incarceration is a form of "self-imposed curtailment of earning capacity" within the meaning of ORS 107.135(3)(b), that conclusion, without more, does not defeat a motion for modification of child support. It must also be shown that the obligor's action "was not taken in good faith but was *for the primary purpose of avoiding the support obligation." Ibid.* (emphasis added). Where the action leading to the incarceration was *not* taken for the primary purpose of avoiding the support obligation, incarceration alone does not defeat a motion for modification.

■ On the other hand, of course, incarceration alone does not demonstrate inability to meet an existing child support obligation. For example, some incarcerated persons may have substantial assets; some may have a reasonable opportunity to acquire future income and assets, ORS 107.135(3)(a)(A); some may continue to receive retirement benefits while incarcerated, ORS 107.135(3)(a)(B); or the

Or Laws 1987, ch 885, § 3; Or Laws 1989, ch 545, § 1. The Court of Appeals decided *Edmonds and Edmonds*, 53 Or App 539, 633 P2d 4 (1981), before the enactment of ORS 107.135(2) and (3).

period of incarceration may be extremely short. The court must consider each motion for modification on a case-by-case basis, to determine whether the obligor has shown a "substantial change in economic circumstances," ORS 107.135(2)(a), which is "sufficient for reconsideration of support provisions," ORS 107.135(3)(b). If the party seeking modification meets that burden, the court must then determine the modified level of support pursuant to the formula established by the Support Enforcement Division of the Department of Justice under the authority of ORS 25.270 to 25.287. ORS 25.287(2).[2]

Here, father was incarcerated for possession of a controlled substance. At oral argument, mother conceded that father did not commit the crime or become incarcerated for the primary purpose of avoiding his support obligation. Therefore, father was not foreclosed from demonstrating a change in circumstances based on a reduction of his financial status. ORS 107.135(3)(b).

It is undisputed that father had no income while incarcerated. On *de novo* review, the Court of Appeals accepted father's testimony that his assets were stolen, *Willis and Willis, supra,* 109 Or App at 586, and we also accept that testimony. Father's remaining assets were insufficient to enable him to meet his support obligations during his incarceration. Accordingly, the circuit court did not err when it found a substantial change in circumstances and ordered that father's child support obligation be modified. ORS 107.135 (2)(a).

The decision of the Court of Appeals is reversed. The order of the circuit court is affirmed.

**UNIS, J.,** concurring.

I join with the majority opinion, but write separately to make one point. I would not assume, as does the majority, that "incarceration is a form of 'self-imposed curtailment of earning capacity.'" 314 Or at 570. Although I agree with the majority that a crime is a volitional act, *id.*, and it is clear that incarceration based on a crime is based on a volitional act, I

---

[2] Mother did not assign error to the method by which the circuit court calculated the amount of the modified child support obligation.

believe it is also clear that, as a general rule, incarceration itself is not self-imposed.[1] I believe that we should not assume to the contrary.

Fadeley, J., joins in this concurring opinion.

---

[1] There may be instances in which a person deliberately commits a crime so that he may be sent to prison, but those instances are the exception.