Argued and submitted September 14, 1993, reversed and remanded with
instructions August 3, 1994

In the Matter of the Marriage of

Richard D. HOFSTETTER,
*Respondent,*
*and*

Sharon Ann HOFSTETTER,
nka Sharon Ann Hultgren,
*Appellant.*

(88C-33072; CA A77973)

879 P2d 220

Ruth E. Heller, Hillsboro Oregon Legal Services, argued the cause for appellant. With her on the brief were Karen Berkowitz, Multnomah County Legal Aid Service, and Maureen McKnight, Oregon Legal Services.

Carl R. Stecker, Deputy District Attorney, argued the cause for Dale Penn, Marion County District Attorney.

No appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

The Marion County District Attorney initiated this action to modify a dissolution judgment by suspending the portion of the judgment that required mother to pay child support for the period during which she received public assistance payments from the state. Mother moved to have the support obligation terminated, and not merely temporarily suspended. She also moved to have the state joined as a party, and asked that the caption be amended accordingly. The trial court denied both of mother's motions and entered an order modifying the dissolution judgment by suspending mother's obligation to pay child support, as the district attorney had requested. On appeal, mother assigns error to the trial court's order on both motions. Following the notice of appeal, the district attorney petitioned to intervene. Although that motion was denied, the district attorney was granted permission to file briefs and argue in support of the trial court's decisions. We reverse and remand.

■ On her first assignment of error, mother argues that the statute under which the district attorney initiated this modification proceeding does not allow the mere suspension of her obligation to pay child support once she begins receiving public assistance payments, but requires termination of the obligation. That statute provides, in part:

"(1) [A] parent who is eligible for and receiving cash payments made by the Department of Human Resources under Title IV-A of the Social Security Act or under the General Assistance or Oregon Supplemental Security Income Programs or cash payments made by the Social Security Administration under the Supplemental Security Income Program shall be rebuttably presumed unable to pay child support.

"* * * * *

"(3) Receipt by a child support obligor of cash payments under any of the programs listed in subsection (1) of this section shall be sufficient cause to reduce the amount of an existing child support order to zero.

"(4) The entity responsible for support enforcement services under ORS 25.080 shall initiate action to modify an existing child support order when an obligor receiving cash

payment under the programs listed in subsection (1) of this section is identified." ORS 25.245.[1]

Nothing in that statute, she argues, allows that obligation to be merely temporarily suspended; it only authorizes the reduction of the obligation to "zero." The district attorney argues that the statute should be read to allow the court to temporarily suspend the support obligation and to provide for automatic resumption of that obligation when the obligor no longer receives public assistance. He argues that any other construction of the statute is contrary to the general legislative policy of requiring obligors to pay child support. He further argues that any other construction would require obligees to return to court whenever the obligor no longer receives public assistance, which would be inefficient and cumbersome.

**2.** Our task is to discern the intent of the legislature, beginning with the text and the context of the statute itself. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). If that initial inquiry is not fruitful, we may consider the legislative history of the statute. 317 Or at 611.

In this case, the text of ORS 25.245(3) provides that an obligor's receipt of public assistance creates the presumption that the obligor is unable to pay support and, at the initiation of the appropriate enforcement entity, the court may "modify" the judgment ordering support. Nothing in the text or the context of the statute authorizes the court to "suspend" an obligation of support temporarily or to order the automatic revival of that obligation, when the obligor no longer receives public assistance.

Moreover, to adopt the district attorney's proposed construction of ORS 25.245 would allow courts to set child support awards without regard to an obligor's currently ascertainable ability to pay, as required by related statutes. If, for example, the trial court ordered the automatic revival of a predetermined amount of child support when an obligor no longer receives public assistance, that amount of support may

---

[1] The district attorney initiated the modification proceeding in 1992. We apply the version of ORS 25.245 in effect at that time. The statute has since been substantially amended. Or Laws 1993, ch 799, § 2.

or may not be appropriate under the Uniform Child Support Guidelines. ORS 25.280.

To the extent that the text and context do not plainly reveal the legislature's intent, the history of ORS 25.245 does. ORS 25.245 was enacted in 1991. Before that time, the law provided for suspension of support obligations for the period of time during which the obligor was eligible for and receiving public assistance. *Former* ORS 416.410(3). The legislature repealed that statute and replaced it with the modification procedure contained in ORS 25.245. Or Laws 1991, ch 520, §§ 3, 4.

The district attorney's objections that disallowing the trial court's authority to suspend support obligations is inefficient and cumbersome may well be true. Those objections, however, do not provide a basis upon which we may ignore the language of the statute enacted by the legislature, and are better addressed to that body. ORS 174.010.

We conclude that ORS 25.245 does not permit the temporary suspension and automatic revival of child support obligations on the basis of receipt of public assistance. The statute permits modification of the obligation, on the basis of the receipt of those benefits. It then allows further modification, on the basis of the relevant evidence at the time when the obligor no longer receives those benefits. The trial court erred in temporarily suspending mother's child support obligation in this case.

■ On her second assignment of error, mother argues that the trial court erred in failing to include the state as a party and to require it to be listed in the caption of this case. The district attorney concedes that he represents the State of Oregon in all support enforcement proceedings. ORS 25.080(1). He nevertheless argues that neither he nor the state is a party to a child support modification proceeding brought pursuant to ORS 25.245. He asserts that ORS 25.245 merely authorizes him to initiate the modification action and does not confer upon him party status. According to the district attorney, in such cases, the state acts merely as a "facilitator," not a party.

We agree with mother that the state should have been named as a party to the modification proceeding. The

district attorney's argument that the state fulfills a role of nonparty facilitator is not borne out by the language of the statute. ORS 25.080(1) expressly provides that the district attorney represents the state "and no *other party*." (Emphasis supplied.) If the state were not a party, that language would be superfluous. Moreover, as we said in *Gilbert Pacific Corp. v. Dept. of Transportation*, 110 Or App 171, 175, 822 P2d 729 (1991), *rev den* 313 Or 210 (1992), "there is no such thing as a right of a non-party to participate in a trial." Indeed, the district attorney's position that the state is not a party and has no interest in this action is contradicted by his own motion to intervene in this appeal. By definition, intervention permits the movant "to become a party to an action," upon a showing that it has "an interest in the matter in litigation." ORCP 33C.

Because the state is a party to this action, it must be included in the caption. ORCP 16A. The district attorney initiated the action, not on behalf of either party to the underlying dissolution proceeding, but on behalf of the state. ORS 25.080(1). Therefore, the caption in this case should read: "State of Oregon ex rel Dale Penn, Marion County District Attorney."

Reversed and remanded with instructions to modify child support and to amend caption in accordance with this opinion.