Hollifield 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00452-CV







Donald Glenn Hollifield, Appellant




v.




Janet Christine Hollifield, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 91-13126, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








 This is an appeal from an order denying a motion to modify child support in a suit
affecting the parent-child relationship. Pursuant to the divorce decree, appellant Donald Hollifield
was obligated to pay child support to appellee Janet Hollifield, the managing conservator of their
four children. Appellant filed a motion to modify his support obligations during his incarceration
with the Texas Department of Criminal Justice. The trial court denied his motion. We will affirm
the trial court's order.



BACKGROUND


 Appellant was convicted of first degree sexual assault of his eleven-year-old
daughter. In April 1993, appellant was sentenced to five years' imprisonment. Appellant
remained free on bond pending appeal until on or about November 7, 1994, at which time he was
incarcerated. Meanwhile, appellant and appellee were divorced on November 8, 1993. The
divorce decree ordered appellant to pay appellee $460 per month in child support. Until his
incarceration, appellant remained current on his support obligations. On November 23, 1994,
appellant filed a motion to rescind his child support obligations during the period of his
incarceration.

 An associate judge found that appellant had no current assets to pay support, but
concluded that his penury resulted from his own voluntary actions, i.e. sexually assaulting his
daughter leading to his subsequent criminal conviction and incarceration. On this ground, the
associate judge recommended denying appellant's request to rescind child support; alternately, she
found that, in light of his crime, the equities favored not rescinding appellant's support
obligations. The associate judge recommended that appellant's court ordered obligations continue
during his incarceration; that, during incarceration, payment of the support would be abated and
appellant would not be subject to contempt for non-payment; that, thirty days after release,
appellant must resume payment of the support ordered and pay an additional eighty dollars per
month toward any arrearage; and that, so long as appellant remained current on these payments,
the arrearage would not accrue interest.

 Appellant moved for de novo review of his motion to modify child support. The
district court adopted the associate judge's findings and recommendations and denied appellant's
request to rescind his support obligation. Appellant appeals from the district court's order.



APPLICABLE LAW AND STANDARD OF REVIEW


 The Texas Family Code (the "Code") requires that, in order to modify a child
support order, the movant must show that there has been a material and substantial change in the
circumstances of a child or a person affected by the order since the time the order was rendered. 
See Tex. Fam. Code Ann. § 156.401 (West 1996); (1) Clark v. Jamison, 874 S.W.2d 312, 317 (Tex.
App.--Houston [14th Dist.] 1994, no writ). The best interest of the child shall always be the trial
court's primary consideration in determining questions of child support. See Tex. Fam. Code
Ann. § 156.402 (West 1996); MacCullum v. MacCullum, 801 S.W.2d 579, 583 (Tex.
App.--Corpus Christi 1990, writ denied). Trial courts have wide discretion in determining the best
interest of the child. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); MacCullum, 801
S.W.2d at 583.

 The Code provides that a trial court "may consider the child support guidelines .
. . to determine whether there has been a material or substantial change of circumstances . . . that
warrants a modification of an existing child support order if the modification is in the best interest
of the child." Tex. Fam. Code Ann. § 156.402(a) (West 1996). Moreover, "[a] court may
consider other relevant evidence in addition to the factors listed in the guidelines." Id.
§ 156.402(b). In sum, the court retains broad discretion in making the equitable decision of
whether to modify a prior support order. Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex.
App.--Corpus Christi 1991, writ denied).

 A trial court's order of child support will not be disturbed on appeal unless the
complaining party can show a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990). The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules or principles, or, in other words, whether the act was arbitrary or
unreasonable. Id.



DISCUSSION


 In a single point of error, appellant complains that the trial court erred in denying
his motion to rescind child support during his incarceration. With this point of error, appellant
has failed to direct this Court's attention to any specific error upon which he bases his complaint. 
See Tex. R. App. P. 74(d). The complaint on appeal must address specific errors of the trial
court and not merely attack the trial court's order in the most general terms. See Baucom v.
Crews, 819 S.W.2d 628, 632 (Tex. App.--Waco 1991, no writ). To the extent that appellant raises
a point of error generally attacking the trial court's order, and then makes numerous arguments
in support thereof, the point of error is multifarious. See Slentz v. American Airlines, Inc., 817
S.W.2d 366, 370 (Tex. App.--Austin 1991, writ denied). A point of error is multifarious when
it embraces more than one specific ground of error, or if it attacks several distinct and separate
rulings of the court. Clancy v. Zale Corp., 705 S.W.2d 820, 823 (Tex. App.--Dallas 1986, writ
ref'd n.r.e.). This Court may disregard any assignment of error that is multifarious. Id. at 824. 
Therefore, we may overrule appellant's sole point of error on this basis.

 Even considering appellant's complaints on the merits, however, we nevertheless
affirm the trial court's order. First, appellant argues that because he has no assets and no earning
capacity while in prison, he should not be obligated to pay child support. In support of this
argument, appellant relies upon an opinion from the Oregon Supreme Court, Willis v. Willis, 840
P.2d 697 (Or. 1992). In Willis, after a divorced father was convicted of a drug offense, he
successfully moved to modify his child support obligation. The Oregon Supreme Court upheld
the modification, reasoning that while his criminal conduct was voluntary, because the father did
not commit the crime for the primary purpose of avoiding child support and because he had no
assets, the trial court did not abuse its discretion in suspending the father's support obligation. 
Id. at 699.

 Appellant in the instant cause argues that, like the father in Willis, he has no assets
and did not sexually assault his daughter for the primary purpose of avoiding child support. 
Therefore, appellant argues, his support obligation should be reduced. Appellant's reliance on
Willis is misplaced.

 First, the Oregon Supreme Court simply held that the trial court did not abuse its
discretion in lowering the obligor's child support payments. That court did not hold that a failure
to lower child support under those circumstances would constitute an abuse of discretion.

 Second, the provisions of the Texas Family Code differ from the Oregon Statute. 
See Or. Rev. Stat. § 107.135(3)(b) (1989) (statute ties the issue of voluntary unemployment to
modification, not original issuance, of a support order and directs court to inquire whether
"voluntary unemployment" was taken for primary purpose of avoiding child support obligations).

Section 154.066 of the Code addresses voluntary unemployment in the context of issuing the
original child support order. See Tex. Fam. Code Ann. § 154.066 (West 1996). Therefore, the
strict terms of section 154.066 do not control to the modification of a support order. Rather, in
modification evaluations, the relevance of voluntary unemployment is not prescribed by
section 154.066, but instead by sections 156.401 and 156.402 as one of many factors a court may
consider in exercising its broad discretion.

 Appellant also maintains that his incarceration cannot be characterized as
"voluntary." Appellant contends that while he might have intentionally or voluntarily committed
a crime, he hardly intended to get caught or volunteered to go to prison. Therefore, because he
was involuntarily unemployed, appellant argues that the trial court was required to rescind his
support obligations. Appellant misconstrues section 154.066 of the Code. Section 154.066 does
not require the court to consider whether the obligor's "voluntary unemployment" was for the
primary purpose of avoiding child support. Therefore, even if an obligor is involuntarily
unemployed, the Code does not mandate that the trial court rescind child support obligations. 
Once again, unemployment is but one factor for the court to consider in exercising its broad
discretion to modify existing support obligations in light of the best interests of the children. See
Id. § 156.402; see also Stocker v. Magera, 807 S.W.2d 753, 754-55 (Tex. App.--Texarkana 1990,
writ denied); Anderson v. Anderson, 767 S.W.2d 163, 165-66 (Tex. App.--Houston 1988, no writ)
(in addition to guidelines, trial court may consider host of other relevant factors in modifying child
support).

 Assuming, without deciding, that appellant was in fact involuntarily unemployed,
this fact alone would not require the trial court to rescind appellant's support obligations. In
addition to appellant's unemployment, the court was entitled to consider the nature of his crime,
his familial relationship to the victim, the financial status of his children, as well as their special
needs in terms of counseling and therapy. Given these considerations, we cannot say that the trial
court abused its discretion by failing to adhere to any guiding rules or principles or by issuing an
arbitrary or unreasonable order.

 Appellant also argues that the trial court's order violates his constitutional guaranty
of equal protection under the laws. See U.S. Const. amend. XIV. Appellant contends that the
court's order treats divorced fathers with support obligations differently than married fathers who
are in prison. Upon review of the record, it appears that appellant did not apprise the court below
of his equal protection contention and has therefore waived the issue on appeal. See Tex. R. App.
P. 52(a); Kershner v. State Bar of Texas, 879 S.W.2d 343, 347 (Tex. App.--Houston [14th Dist.]
1994, writ denied) ("In order to preserve error for appellate review, a party must have presented
to the trial court a timely request, objection, or motion, stating the specific grounds thereof."). 
Moreover, we view appellant's contention as wholly without merit. See Cole v. Cole, 590 N.E.2d
862, 866 (Ohio App. 6 Dist. 1990). (2)



CONCLUSION


 We overrule appellant's sole point of error and affirm the trial court's order.



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: June 19, 1996

Publish 

1.   The underlying events took place before April 20, 1995, and are governed by the
law in effect at the time the events occurred. Because the Code amendments effective
April 20, 1995 have no substantive effect on the issues on appeal, the current code is cited
for the sake of convenience.
2.   In Cole, a similar factual scenario, the father contended that the trial court's failure to
rescind his support obligations during incarceration violated the Equal Protection clause of the
United States Constitution. U.S. Const. amend. XIV. In response, the court wrote:


Nor does [the order] violate the Equal Protection Clause of the Fourteenth
Amendment . . . . No fundamental right is affected, nor is a suspect class created
by the imposition of this obligation. The obligation is rationally related to the
state's legitimate interest to insure that children will receive the support to which
they are entitled.


Cole, 590 N.E.2d at 866.