Argued and submitted September 4, 1997, decision of Court of Appeals and judgment of circuit court reversed and case remanded to the circuit court for further proceedings January 8, 1998

In the Matter of the Marriage of

Jeffrey Harold GLITHERO,
*Petitioner on Review,*

*and*

Cynthia Irene GLITHERO,
*Respondent on Review.*

(CC 93-4535; CA A90270; SC S44118)

951 P2d 682

James D. Huffman, of Olsen, Huffman & Horn, St. Helens, argued the cause and filed the petition for petitioner on review.

Matthew H. Kehoe, of Brink, Moore, Peterson & Kehoe, Hillsboro, argued the cause for respondent on review.

GRABER, J.

**GRABER, J.**

The issue in this domestic relations case pertains to modification of child support. The trial court denied father's motion to reduce child support on the ground that father had failed to prove that the hardship to him of continuing the present amount of support outweighed the hardship that would befall the children, were the amount of child support to be reduced. The Court of Appeals affirmed. *Glithero and Glithero*, 146 Or App 398, 934 P2d 492 (1997). We reverse the decision of the Court of Appeals and remand the case to the trial court for further proceedings.

We limit our review to questions of law, ORS 19.125(4), and take the facts as the Court of Appeals found them on *de novo* review, ORS 19.125(3). We recite additional, undisputed facts as relevant.

Father and mother had two minor children at the time their marriage was dissolved. The dissolution court awarded custody of the children to mother and ordered father to pay a total of $584 per month as child support.

At the time of the dissolution trial in January 1995, father was earning $3,309 per month at a company where he had worked for 17 years. To produce that income, father had worked much more than 40 hours per week, because his employer required that he work substantial overtime. On February 3, 1995, father was laid off from his job. He received unemployment compensation and worked sporadically until March 27, 1995, when he accepted a job with another company. At that new position, father earned $2,236 per month.

Thereafter, father declined an offer to return to the first, higher-paying position. Father chose to keep the new, lower-paying position for two reasons. First, he believed that the new job would provide better opportunities for advancement and better educational benefits. Additionally, father believed that working lengthy, mandatory overtime hours had affected his family relationships adversely.

Pursuant to ORS 107.135,[1] father moved to reduce his child support payments on the basis of a change in circumstances. The trial court denied the motion, ruling in part:

[1] ORS 107.135 was amended in 1997 in ways not relevant to this case. Or Laws 1997, ch 707, § 9; Or Laws 1997, ch 475, § 6; Or Laws 1997, ch 91, § 1; Or Laws 1997, ch 704, § 52.

"The court finds that [father's] job change was voluntary and made in good faith. However, the court does not find from the evidence that the hardship to [father] outweighs the hardship to the children that would result if [father's] motion to modify were to be granted. Thus, the court denies [father's] motion to modify his child support obligation herein."

Father appealed. A majority of the Court of Appeals, sitting en banc, affirmed on the ground that general equitable principles—including the weighing of relative hardships—apply even though the proceeding to modify child support is statutory. *Glithero*, 146 Or App at 402-06. We allowed father's petition for review and now reverse the decision of the Court of Appeals.

Father brought the present proceeding under ORS 107.135(1)(a), which provides, in part:

"The court has the power at any time after a decree of * * * dissolution of marriage * * * is granted, upon the motion of either party * * *, to:

"(a) * * * modify so much of the decree as may provide for the * * * support and welfare of the minor children * * *."

ORS 107.135(2)(a) provides, in part, that, in a proceeding to modify child support, "[a] substantial change in economic circumstances of a party * * * is sufficient for the court to reconsider its order of support." The trial court and the Court of Appeals found that father had experienced a substantial change in economic circumstances, ORS 107.135(2)(a), in the form of a substantial reduction in income after the dissolution trial.

Because father's reduction in income was voluntary, because father as obligor moved to reduce his child support obligation, and because mother as obligee opposed the motion, ORS 107.135(3)(b) also applies. That statute provides, as pertinent:

"If the motion for modification is one made by the obligor to reduce or terminate support, and if the obligee opposes the motion, the court shall not find a change in circumstances sufficient for reconsideration of support provisions, if the motion is based upon a reduction of the obligor's

financial status resulting from the obligor's * * * voluntary reduction of income or self-imposed curtailment of earning capacity, if it is shown that such action of the obligor was not taken in good faith but was for the primary purpose of avoiding the support obligation."

The trial court and the Court of Appeals found that father's voluntary change of occupation, which resulted in a substantial reduction in income, was a choice made in good faith and was not an action taken for the primary purpose of avoiding the support obligation. Based on those findings, father's substantial change in economic circumstances "is sufficient for the court to reconsider its order of support." ORS 107.135(2)(a). Up to this point in the analysis, both parties (and also the majority and the dissent in the Court of Appeals) are in agreement.

Although the parties agree that ORS 107.135(2)(a) *applies*, they disagree about what the statute *means* when it provides that a change in circumstances "is sufficient for the court to reconsider its order of support." The Court of Appeals' majority read that phrase to mean that the trial court retains discretion whether or not to reconsider its order of support and that, in exercising such discretion, it may apply equitable principles such as the balancing of hardships. *Glithero*, 146 Or App at 402-06. The Court of Appeals' dissent read the statute to require a reconsideration of an order of support whenever a party makes the showing specified by the statutes. *Id.* at 406-14 (Landau, J., dissenting). For the reasons that follow, we agree with the dissent.

When interpreting a statute, this court seeks to ascertain the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of analysis, the court considers the text and context of the statute. *Ibid.* The text of the statute itself "is the starting point for interpretation and is the best evidence of the legislature's intent." *Ibid.* In reading text, this court typically gives words of common usage their ordinary meanings. *Id.* at 611.

In this case, the text of ORS 107.135(2)(a), as this court has interpreted it, informs us of the legislative intent. The usual meaning of "sufficient" is "marked by quantity,

scope, power, or quality to meet with the demands, wants, or needs of a situation" or "ENOUGH." *Webster's Third New Int'l Dictionary* 2284 (unabridged ed 1993). To "reconsider" means "to think over * * * (as a * * * decision) esp. with a view to changing or reversing," "to take up again," or "to consider something again." *Id.* at 1897. Accordingly, the ordinary meaning of the phrase "sufficient for the court to reconsider" its order of support, ORS 107.135(2)(a), is "enough for the court to think over its decision or to take up again" the amount of support that was ordered. The text thus suggests that a court is to consider the child support award again if a party demonstrates a change in circumstances, but the text is not dispositive.

■ However, the text of a statute encompasses this court's prior interpretations of it. *Kilminster v. Day Management Corp.*, 323 Or 618, 629-30, 919 P2d 474 (1996). This court already has construed the crucial phrase in ORS 107.135(2)(a) to require reconsideration of a child support obligation when the statutory criteria for a change in circumstances are met.

In *Willis and Willis*, 314 Or 566, 840 P2d 697 (1992), the Court of Appeals had relied on the obligor's "unclean hands" to conclude that the obligor could not show a change in circumstances sufficient to trigger a reconsideration of his child support obligation, even though he met the statutory criteria of ORS 107.135(3)(b), because he was incarcerated for possession of a controlled substance. 314 Or at 568-69. This court reversed, holding that "[t]he equitable doctrine of 'unclean hands['] * * * does not bar a party from seeking a modification of the child support provisions of a dissolution judgment, because ORS 107.135 supplies the governing standard in this situation." *Id.* at 569 n 1. The court then held:

> "The court must consider each motion for modification on a case-by-case basis, to determine whether the obligor has shown a 'substantial change in economic circumstances,' ORS 107.135(2)(a), which is 'sufficient for reconsideration of support provisions,' ORS 107.135(3)(b). *If the party seeking modification meets that burden, the court must then determine the modified level of support pursuant to the formula established by the Support Enforcement Division of the Department of Justice under the authority of ORS*

*25.270 to 25.287. ORS 25.287(2)." Id.* at 571 (emphasis added; footnote omitted).

The court also specified that its holding was meant "to interpret the statutory provisions that govern" modification of child support. *Id.* at 569.

*Nelson v. Nelson,* 225 Or 257, 357 P2d 536 (1960), on which the Court of Appeals' majority relied below, 146 Or App at 403, is no longer controlling. The statute that was in effect in 1960, when this court issued its opinion in *Nelson,* did not contain the dispositive phrasing of the present statute, which this court construed in *Willis.* Rather, in 1960, *former* ORS 107.130, *repealed by* Or Laws 1971, ch 280, § 28, provided only generally that courts had the power "to set aside, alter or modify" provisions of a divorce decree relating to "the care and custody of minor children."

■ To summarize, when a party seeking modification meets the statutory burden to demonstrate a substantial change in economic circumstances, ORS 107.135(2)(a), including the requirements of ORS 107.135(3)(b) when applicable, "the court *must* then determine the modified level of support pursuant to the formula established by the Support Enforcement Division of the Department of Justice under the authority of ORS 25.270 to 25.287(2)." *Willis,* 314 Or at 571 (emphasis added). ORS 25.287(2) allows a proceeding to be "initiated at any time to modify a support obligation based upon a substantial change of circumstances" under statutory authority. "In any judicial * * * proceeding for the * * * modification of a child support obligation under ORS chapter[ ] 107 * * *, the amount of support determined by the formula established pursuant to [ORS chapter 25] shall be presumed to be the correct amount of the obligation." ORS 25.280.

■ On the other hand, the court is not powerless to take into account the nuances of a particular case. The presumption that the use of the formula results in the "correct amount" of child support is rebuttable, "and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption." *Ibid.* Among the several criteria to be considered in making such a finding are "[t]he special hardships of a parent * * * affecting the

parent's ability to pay child support" and "[t]he needs of the child." ORS 25.280(6) & (7); OAR 137-050-0330(2)(a)(F) & (G).

Under the statutory and regulatory scheme, then, the court's reconsideration of child support in a modification proceeding may, but need not, result in a reduction of the amount of the obligor's obligation. But, when faced with an appropriate showing of a change in circumstances, as it was here, the court must engage anew in the process of consideration of the proper amount of child support.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.