Argued and submitted July 24, 1997, reversed and remanded for reconsideration on appeal; affirmed on cross-appeal March 18, 1998

## In the Matter of the Marriage of

## Glenn Joseph COFSKY,
*Appellant - Cross-Respondent,*

*and*

## Mary Rochelle COFSKY,
*Respondent - Cross-Appellant.*

## (94-1977; CA A94341)

955 P2d 777

J. Michael Alexander argued the cause for appellant - cross-respondent. With him on the briefs was Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C.

Michael J. Bandonis argued the cause for respondent - cross-appellant. With him on the brief was Minor & Boone, P.C.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Riggs, Judge.**

LANDAU, P. J.

---

\* Deits, C. J., *vice* Leeson, J., resigned.

\*\* Riggs, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Father appeals an order modifying a dissolution judgment. He contends that the trial court erred in ordering only a temporary reduction in child support. Mother cross-appeals, arguing that the trial court erred in ordering any modification of the award of child support. On *de novo* review, ORS 19.415(3), we reverse and remand for reconsideration on the appeal and affirm on the cross-appeal.

The parties dissolved their 14-year marriage in 1994. They have two minor children. Mother was awarded custody, and father was ordered to pay $1,150 per month child support. At the time of the dissolution, mother had worked primarily as a homemaker, although she occasionally worked outside the home. Father had worked as a commercial fisherman in Alaska for eight years before the dissolution. His net earnings varied, but totaled between $61,000 and $86,000 per year. Because of the variable nature of his income, the parties agreed to the child support amount. The parties' agreement, by its terms, does not preclude either from seeking a modification of the child support amount upon proof of a substantial change of circumstances.

Following the dissolution, father continued to work as a commercial fisherman in Alaska. In early 1996, father concluded that he could no longer work as a commercial fisherman. He complained of increasingly long working hours on rougher seas and numerous physical ailments resulting from the rigors of the job. He returned to Oregon and worked as a commercial fisherman and attempted to start a recycling business. The attempt was only moderately successful; father made approximately $1,500 per month after expenses. To make ends meet, father attempted to sell his truck and his boat, and he took out a substantial line of credit against his house. He also initiated this action for modification of the child support award. Meanwhile, mother obtained part-time employment as a bookkeeper, earning approximately $725 per month.

At the modification hearing, father testified that he realized that his return to work in Oregon would create some financial problems. He insisted, however, that he quit fishing

in Alaska because of the demands of the job and not to avoid his child support obligations. Mother testified that it would work an extreme hardship to her and the children if the child support were reduced at all and opposed father's motion.

The trial court issued a letter opinion in which it found that there had been a substantial change of circumstances. The court chided father for making the decision to give up fishing in Alaska without much regard for the needs of his children, but it concluded that father "seems sincere." The court did not find that father had changed his employment in bad faith. The court then ordered that the support obligation be reduced by one-half for a period of six months.

ORS 107.135(1) provides:

"The court has the power at any time after a decree of * * * dissolution of marriage * * * is granted, upon the motion of either party * * * to:

"(a) * * * modify so much of the decree as may provide for the * * * support and welfare of the minor children * * *."

ORS 107.135(2)(a) then provides that, in a proceeding to modify child support,

"[a] substantial change in economic circumstances of a party * * * is sufficient for the court to reconsider its order of support."

ORS 107.135(3)(b) further provides:

"[T]he court shall not find a change in circumstances sufficient for reconsideration of support provisions, if the motion is based upon a reduction of the obligor's financial status resulting from the obligor's * * * voluntary reduction of income or self-imposed curtailment of earning capacity, if it is shown that such action of the obligor was not taken in good faith but was for the primary purpose of avoiding the support obligation."

We begin with mother's contention that the trial court erred in finding a substantial change of circumstances in the first place. She offers several arguments in support of that contention. None, however, is persuasive.

■ Mother first contends that the trial court's finding of a substantial change of circumstances was precluded by the fact that the parties stipulated to the child support amount, and that stipulation "should be honored and enforced." The short answer to that contention is that nothing in the stipulation precludes the court from modifying the support obligation upon a showing of a substantial change in circumstances. Moreover, even if the agreement had such a provision, it would not be enforceable. Agreements that purport to deprive a court of authority to modify an award of support may not be enforced. *McDonnal and McDonnal*, 293 Or 772, 779, 652 P2d 1247 (1982); *Watson and Watson*, 149 Or App 598, 604, 945 P2d 522 (1997).

■ Mother next argues that the trial court could not modify the support award because it found that father acted in bad faith. Again, there is a short answer to that contention: Although the trial court criticized father for failing to consider adequately the impact of his employment decisions on the children, it made no finding of bad faith; to the contrary, it expressly found that there had been a substantial change in circumstances and then ordered a modification in the support amount.

■ Mother's final argument is that a voluntary reduction in earnings does not justify a modification in child support if the modification would produce an undue hardship to the custodial parent and the children. Citing *Nelson and Nelson*, 225 Or 257, 264, 357 P2d 536 (1960), she contends that the trial court should not have entertained father's motion at all in light of her testimony as to the effect of any modification on the needs of the children. That contention is answered by the Supreme Court's recent decision in *Glithero and Glithero*, 326 Or 259, 951 P2d 682 (1998). The court in that case held that *Nelson* "is no longer controlling." *Id.* at 265. The court explained that, under ORS 107.135, once a party seeking modification demonstrates a substantial change in economic circumstances that was not occasioned by a bad faith curtailment in earning capacity,

" 'the court *must* then determine the modified level of support pursuant to the formula established by the Support

Enforcement Division of the Department of Justice under the authority of ORS 25.270 to 25.287(2).' "

*Id.* at 265 (emphasis in original) (quoting *Willis and Willis*, 314 Or 566, 571, 840 P2d 697 (1992)). In this case, the trial court found that father demonstrated a substantial change in circumstances, and there was no finding that the change was occasioned by bad faith for the primary purpose of avoiding the support obligation. The trial court therefore did not err in modifying child support.

■ We turn to father's contention on the appeal that the trial court erred in setting the amount and duration of the reduction. According to father, once the trial court found the requisite substantial change in circumstances, the trial court was obligated to recalculate support and could not simply impose an arbitrary period of temporary support reduction. On that point, mother agrees with father, and correctly so. As the Supreme Court explained in *Glithero*, once a party seeking modification has demonstrated a substantial change in circumstances, the trial court *must* determine the modified level of support in accordance with the Uniform Child Support Guidelines. *Glithero*, 326 Or at 265. *See also Hofstetter and Hofstetter*, 129 Or App 365, 368, 879 P2d 220 (1994) (provision in ORS 25.245 authorizing court to "modify" child support did not authorize court temporarily to suspend support); *see also Cutting and Cutting*, 147 Or App 30, 33-34, 934 P2d 622 (1997) (generally disapproving temporary suspension of support awards); *Curran and Curran*, 100 Or App 330, 333, 786 P2d 205 (1990) (same).

On remand, the trial court must determine the appropriate level of support required by the guidelines formula. If the court finds that the amount required by the formula is unjust or inequitable, the guidelines permit the court to depart from the formula amount, upon appropriate findings entered on the record. *Glithero*, 326 Or at 265-66.

Reversed and remanded for reconsideration on appeal; affirmed on cross-appeal. Costs to father.