**AFFIRM; and Opinion Filed August 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00663-CV

## IN THE INTEREST OF S.V. & S.V.

### On Appeal from the 303rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-04-11968-V

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

This is a high-conflict custody case. Father appeals an order modifying conservatorship and appointing Mother sole managing conservator and Father possessory conservator of their two daughters. In two issues, Father generally contends the trial court abused its discretion in modifying the conservatorship because the evidence is legally and factually insufficient to support the trial court's finding of physical abuse and family violence and therefore to show a change of circumstances. For the following reasons, we affirm the trial court's order.

Following a contentious divorce in 2005, Mother and Father were appointed joint managing conservators of their daughters, Anna and Zoe,[1] aged six and three at that time. The trial court granted Father possession of the children consistent with the Expanded Standard Possession Order. After their divorce, conflict between the parties continued. In particular,

---

[1] As the children have the same initials, we will use pseudonyms to refer to them for clarity.

disputes arose concerning the children's doctors, travel outside the United States, their cell phone usage, and extracurricular activities. In April 2010, when the girls were nine and twelve-years-old, the parties entered into an Agreement Incident to Modification. The Agreement Incident included provisions concerning the parties' interaction with each other, including agreements not to discuss their disputes with the children and not to disparage each other in front of the children. The Agreement also contained comprehensive provisions about the children's use of their cell phones. In essence, the children were to be allowed to carry their cell phones with them at all times, the parents were to make their "best efforts" to ensure the cell phone ringers were on when possible, either parent was to be permitted to speak to the children in private on that parent's request, and the children were to be allowed to communicate with either parent by phone for as long as they desired. However, the children were not allowed to use their cell phones to talk to Mother except in the case of an emergency.

The trial court entered an "Agreed Order on Petition to Modify/Clarify Parent-Child Relationship" incorporating the terms of the Agreement Incident.[2] The Agreed Order also included provisions requiring Father to pay for the cell phones, prohibiting the parties from changing the children's pediatrician, and limiting the time in which the children could participate in mutually agreed upon extra-curricular activities.

Father subsequently filed a motion for enforcement and breach of contract asserting various violations of the cell phone provisions in the Agreement Incident. Mother did not appear at the hearing on the motion to enforce and she was arrested and jailed briefly for her failure to do so.[3] Mother subsequently filed the instant Petition to Modify the Parent Child Relationship. In it, she alleged the circumstances of the children or the conservators have materially and

---

[2] The Agreement Incident itself stated it would not be filed with the court, its terms would not be incorporated into an Agreed Order, and provided it would be enforceable only under the law of contracts.

[3] Mother filed a response to Father's motion alleging her attorney told her she did not have to appear because she was not properly served.

–2–

substantially changed since the date of the order to be modified. She requested to be appointed sole managing conservator. She also alleged Father had a history or had engaged in a pattern of physical and emotional abuse directed against the children.[4] She requested the court to deny Father access to the children or order that his visitation be supervised. Mother also sought a Temporary Restraining Order prohibiting Father's communication with and access to the children.

The Associate Judge issued a TRO granting Mother's requested injunctions. In subsequent orders, Father was granted visitation with the girls, but only during the day. The Associate Judge issued several additional orders during the pendency of the modification proceedings regarding the parties conduct and communications with each other and their children. For example, phone contact between the children and the parent not in possession was to be discretionary, Father was only permitted to talk to the girls on Mother's landline or her cell phone, and Father was prohibited from questioning the girls about what they said in counseling with their therapist. The Associate Judge also appointed a Parenting Facilitator to assist the parties in resolving their disputes and to manage communications between them.

At trial, Mother sought to be named sole managing conservator, and requested Father only be permitted visitation during the day, but she no longer requested that visitation be supervised.[5] The evidence she presented focused primarily on Father's inappropriate interactions with the children, his discussion of legal issues with the children, his actions in hindering the children's counseling, and other controlling and emotionally abusive behavior. Mother also

---

[4] Father asserts Mother first alleged physical and emotional abuse in her 2010 modification suit as retribution for her having been jailed for failing to appear at the hearing on his motion for enforcement. However, Mother had previously complained of Father's use of corporal punishment and had requested the trial court to limit Father's access to the children and allow only supervised visitation to protect their well-being.

[5] Father filed de novo appeals of the Associate Judge's various rulings which were heard by the trial court shortly before the final modification hearing. The parties agreed the trial court would take judicial notice of all the evidence presented at the de novo appeal and could consider it as evidence in the final hearing. Thus, we consider it in our review.

presented evidence of family violence. Mother's evidence consisted primarily of statements the children had made to Mother and Shannon Bradshaw, their court-appointed therapist.[6] For example, Anna told Bradshaw that Father told her she needed to say "nice things" about him in counseling, questioned her about what she said, and warned that he had ways of finding out. Anna also told Bradshaw that Father blames her for "everything that has happened," including all the money he has had to spend on attorneys and professionals. Bradshaw was so concerned that Father's statements to the children were interfering with their counseling that she requested he no longer be permitted to bring them to their appointments.

Evidence was also presented that Father refused to speak to the girls if they called him on their landline instead of their cell phones. Father told Anna if she did not call him on her cell phone, he would go to her school for lunch to talk to her. In the nine weeks since school had started, Father had lunch at each girl's school three or four times. Mother testified that Anna was very embarrassed when Father went to school for lunch, and her school counselor testified that Anna had expressed concerns about Father visiting at lunch because she enjoyed spending that time with her friends.

Mother testified and asked the trial court allow Father only visitation during the day. She said she fears the more time Father has with the children, the more time he will have to question the children about Mother and blame them for the situation they are in. Mother also testified that requiring her and Father to make shared decisions about education, medical and mental health care has not been workable and even simple decisions create a great deal of conflict. This

---

[6] Father asserts the children's hearsay statements to Mother about physical violence should be given little, if any, probative value because the statements did not have a sufficient indicia of reliability as required by Section 104.006 of the Family Code. *See* TEX. FAM. CODE ANN. § 104.006 (West 2014) (providing that statements of child under twelve-years-old describing abuse are admissible under certain circumstances). At the hearing on his appeal from the Associate Judge's hearing, Father made a hearsay objection to Mother's testimony about what the girl's had said to her about "emotional abuse." The trial court asked Father whether he was "familiar with the Family Code section." Father argued the section did not apply because there was no "physical" abuse. The trial court responded that it was not aware the section was limited to physical abuse. Father responded that none of the professionals thought there was either physical or emotional abuse, but that he "understood" the trial court's ruling. Father did not lodge any further hearsay objections to the children's statements about abuse. Hearsay admitted without an objection will not be denied probative value merely because it is hearsay. *In re B.A.E.*, 05-12-01113-CV, 2013 WL 4041551 at * 5 (Tex. App.—Dallas Aug. 9 2013, pet. filed) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 812 n. 29 (Tex. 2005).

conflict has been detrimental to the girls and has caused Father to quiz the girls and pace them "under a microscope."  Mother also testified that Father has attempted to prevent Mother from getting information about the girls from their school and has taken them to a new pediatrician and a different counselor without her knowledge.

Regarding her allegations of family violence, Mother testified that that one morning, while she and the girls were having breakfast, they told her Father had "hit and kicked" Anna.  Anna told Mother she had accidentally dropped her cell phone and when Father reached out to hit her, she began to run and slipped and fell.  While she was on the floor, Father kicked her.  Anna said she was scared and that Father told her not to tell anyone.  Mother testified that the children had often reported getting hit or slapped and that Father had called them "f-ing pathological liars."  Mother also testified that after the Associate Judge ordered Father not to use any physical discipline, Zoe reported Father slapped her for grabbing a piece of candy from Anna.

Father presented evidence that he successfully completed the court-ordered therapy with Patrick Savage.  Savage testified at trial that he was confident that Father could fully function as a parent without supervised visitation.  Father also called witnesses who had observed his interaction with the girls who testified the girls seemed happy and cheerful and that they did not observe any signs of abuse and had no reason to suspect abuse.

Father testified and denied coaching the girls and denied asking them what they said in counselling or telling them what to say.  He did not dispute what Bradshaw had said the girls had told her about Father, but claimed they had been coached.

Father also denied kicking Anna when she dropped her cell phone.  According to Father, when Anna dropped her cell phone twice in one day, he warned her if she dropped it again, she might get spanked.  When Anna then dropped the phone a third time, she began to run away

from Father and slipped and fell. Father testified that Anna laughed and said he couldn't spank her because he could not see her butt. Father testified he then "tapped" her on her leg with his "leg" and told her to get up.

Father asked for possession to be returned to what it was previously and for him to be given the same rights and duties, Father also asked the trial court to reduce the right of first refusal to four hours and to give each parent the right to go to the pediatrician of their choice to "minimize interaction between the parties."

After hearing the evidence, the trial court ordered Father to have possession of the children generally consistent with the Standard Possession Order. The trial court also modified the decree and appointed Mother as sole managing conservator and Father as possessory conservator. The trial court subsequent filed findings of fact and conclusions of law, in which it found appointing Mother sole managing conservator of the children was in the best interests of the children. The trial court also found there was credible evidence of a history or pattern of past or present physical abuse and that it was not in the best interests of the children for Father to be appointed sole managing conservator. The trial court found granting Father access to the children would not harm the physical health or emotional welfare of the children. Father filed a request for additional findings on the issue of attorney's fees only, and the trial court made additional findings on that issue.

In two issues, argued together, Father contends (1) there is "no legally or factually sufficient evidence" to support the trial court's finding he had a pattern or history of committing family violence or physical abuse, and (2) no legally or factually sufficient evidence of a substantial change of circumstances to support modification. In arguing these issues, Father raises complaints concerning statutory construction, sufficiency of the evidence, and hearsay.

According to Mother, Father's complaints are multifarious and therefore present nothing to review. An issue is multifarious when it generally attacks the trial court's order with numerous arguments. *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.); *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ). We may disregard any assignment of error that is multifarious. *See Hollifield*, 925 S.W.2d at 155; *Clancy v. Zale Corp*, 705 S.W.2d 820, 824 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made. *See Rich*, 274 S.W.3d at 884.

Reviewing Father's brief, we conclude his arguments are all premised on his ultimate complaint that the trial court abused its discretion in modifying conservatorship absent evidence of a change in circumstances. To the extent Father seeks to present other issues, we disregard them as multifarious. *See id.*

The trial court has broad discretion in matters of custody. *In re S.E.K.*, 294 S.W.3d 926, 929–30 (Tex. App.—Dallas 2009, pet. denied). We review the trial court's order under a well-established abuse of discretion standard. *See In re M.P.B.*, 257 S.W.3d 804, 811–12 (Tex. App.—Dallas 2008, no pet.). Under this standard, we review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's order. *Deltuva v. Deltuva*, 113 S.W.3d 882, 886 (Tex. App.—Dallas 2003, no pet.). A trial court does not abuse its discretion if some evidence of a substantial and probative character exists to support the trial court's decision. *In re M.P.B.*, 257 S.W.3d at 811–12.

The traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). Question of legal and factual sufficiency are not independent grounds of error but are factors in determining whether the trial court abused its discretion. *Id.* To determine whether the

trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its exercise of that discretion. *Id.*

A trial court may modify a conservatorship order if modification would be in the child's best interest and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the previous order. TEX. FAM. CODE ANN. § 156.101 (West 2014). In deciding whether a material and substantial change of circumstances has occurred, the trial court is not confined to rigid or definite guidelines. *In re A.M.W.*, 313 S.W.3d 887, 891 (Tex. App.—Dallas 2010, no pet.). Instead, the determination is fact-specific and may be proven in a variety of ways. *See In re A.B.P.*, 291 S.W.3d at 96. The question of conservatorship of a child is left to the trial court's discretion because it "is in the best position to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record." *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex. Civ. App.—Dallas 1981, no writ) (quoting *Thompson v. Haney*, 191 S.W.2d 491, 493 (Tex. Civ. App.—Amarillo 1945, no writ); *see also In re O.G.*, 05-13-01263-CV, 2014 WL 2937176 at * 2 (Tex. App.—Dallas Jun. 26, 2014, no pet. h).

Here, Father contends the trial court abused its discretion in modifying the conservatorship because Mother failed to prove a change of circumstances. Mother responds Father judicially admitted a change of circumstances because he filed a motion also seeking modification of the prior order and specifically alleged the circumstances of the children or a person affected by the order had "materially and substantially changed." Father admits he made this allegation, but contends he did so only in connection with his request for a reduction in child support.

Admissions in trial pleadings are judicial admissions. *In re O.G.*, 2014 WL 2937176 at * 3; *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.). A judicial admission is conclusive upon the party making it and relieves the opposing party's burden of proving the admitted fact. *In re O.G.*, 2014 WL 2937176 at * 3; *In re A.E.A.*, 406 S.W.3d at 410; *Roach v. Roach*, 735 S.W.2d 479, 482 (Tex. App.—Houston [1st Dist.] 1987, no writ). Here, after Mother filed her motion to modify, Father filed a motion seeking modification of the both the cell phone provisions of the prior order as well as his child support obligation. The cell phone provisions of the prior order had been a major source of contention between the parties and fueled much of the litigation between them. As his grounds for the requested relief, Father specifically alleged a change in circumstances and that the order had become unworkable and was inappropriate under existing circumstances.[7] We cannot agree with Father's contention that this allegation can fairly be construed as referencing only his request for a reduction in child support.[8] Consequently, Father cannot challenge the sufficiency of the evidence to show a change of circumstances.

Regardless, Father has not properly challenged the evidence supporting a change of circumstances. According to Father, the trial made a change of circumstances determination based entirely on evidence he had engaged in a pattern or history of family violence. However, the trial court's findings of fact and conclusions of law do not support Father's contention. Instead, as Father concedes, the trial court failed to make any findings on change of circumstances. Consequently, the element is deemed found in such a manner to support the

---

[7] Regarding a reduction of support, Father also alleged it had been three years since the order of support had been entered and that applying child support guidelines to his current income would result in a reduction of $100 or more in his support obligation. Therefore, any allegation of a change of circumstances was unnecessary to his request to reduce child support. *See* TEX. FAM. CODE ANN. § 156.401(a)(2) (West 2014)

[8] Likewise, at trial, Father specifically requested modifications of the conservatorship provisions, including that he be permitted to make the children's educational decision, reducing the time period necessary before the parents were giving the right of first refusal, and allowing the parents to take the children to the pediatrician of their choice.

judgment if supported by the evidence. *See In re J.F.C.*, 96 S.W.3d 256, 262 (Tex. 2002); *see In re T.K.D-H*, ___ S.W.3d ___, 2014 WL 3116396 at * 7 (Tex. App.—Jul. 9, 2014, no pet. h.).

Here, there was sufficient evidence to support the finding. The order Mother sought modified appointed Mother and Father joint managing conservators, thus requiring them to share their parental rights and duties. At trial, the evidence showed that the parties were incapable of making shared decisions, despite several efforts the trial court made to assist them in doing so, including appointing a Parenting Facilitator, and entering orders concerning the parties communications with each other and the children. Mother also presented evidence that Father repeatedly violated orders intended to reduce the negative impact the parent's conflict had on the children.[9] We conclude the evidence is sufficient to show a material and substantial change in circumstances. *See In re C.C.J.*, 244 S.W.3d 911, 922 (Tex. App.—Dallas 2008, no pet.). Because the record supports a finding of change of circumstances and Father does not challenge the trial court's affirmative finding that the modifications were in the best interests of the children, we cannot conclude the trial court abused its discretion in modifying the prior Order.

In reaching this conclusion, we reject Father's contention that the order must be reversed because of the trial court's findings with respect to family violence. According to Father, the trial court's findings show the trial court applied the "wrong standard" in ordering the modification. According to Father, the provisions in the Family Code which prohibit a trial court from appointing joint managing conservators when credible evidence is presented of a history or pattern of past or present child abuse apply only to initial conservatorship decisions under Chapter 154 of the Family Code and are inapplicable in a Chapter 156 modification.[10] *See In re*

---

[9] Although the orders were not admitted into evidence, we may presume the trial court took judicial notice of its own files. *In re Estate of Clark*, 198 S.W.3d 273, 274 (Tex. App.—Dallas 2006, pet. denied); *In re J.E.H*, 384 S.W.3d 864, 869 (Tex. App.—San Antonio 2012, no pet.).

[10] Indeed, according to Father, evidence of family violence can never form the basis of a "change of circumstances," unless there is a "conviction" for an offense involving family violence. He relies on Section 156.1045 of the Family Code which provides a conviction for an offense involving family violence constitutes a change of circumstances for purposes of modification. *See* TEX. FAM. CODE ANN. § 156.1045

–10–

*S.E.K.*, 294 S.W.3d at 929 (concluding trial court is not required to make findings regarding family violence in a modification because presumption against naming parent with history of domestic violence as sole managing conservator does not apply in such proceedings); *but see In re L.C.L.*, 396 S.W.3d 712, 719 (Tex. App.—Dallas 2013, no pet.) (concluding Section 154.004(b) prohibits trial court from naming parent with history of family violence as a joint managing conservator in a modification proceeding). But, more importantly, he asserts the trial court relied on this provision in modifying the conservatorship.

We have previously concluded Father is both prohibited from challenging the trial court's change of circumstances finding and that the evidence supports the finding. The trial court also made an independent and affirmative finding that modifying the order was in the best interests of the children. These findings are the controlling issues in a modification case and fully and independently support the trial court's modification notwithstanding any finding that Father had engaged in family violence. *See S.E.K,* 294 S.W.3d at 929. We conclude Father has not shown the trial court's modifications were based on its determination of family violence or otherwise shown the trial court abused its discretion in modifying the conservatorship.

We affirm the trial court's order.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120663F.P05

---

(West 2014). Under section 156.1045, it is the conviction itself not the underlying violence that constitutes the change in circumstances and the victim of the offense need not be a person affected by the order to be modified. *See* TEX. FAM. CODE ANN. § 156.1045 (West 2014). When applicable, section 156.1045 dispenses with the requirement that party prove an actual change in circumstances. *See id.* We cannot agree Section 156.1045 displays a legislative intent that a trial court cannot consider evidence of a parent's abuse of a child affected by the order in determining whether there has been a change of circumstances.

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN RE: IN THE INTEREST OF S.V & S.V.
CHILDREN

No. 05-12-00663-CV

On Appeal from the 303rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-04-11968-V.
Opinion delivered by Justice O'Neill.
Justices Lang and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Jyoti Masurekar recover her costs of this appeal from appellant Venky Venkatraman.

Judgment entered this 21st day of August, 2014.