In the Interest of S.E.K. and
H.A.K., Children.

No. 05–08–00858–CV.

Court of Appeals of Texas,
Dallas.

Aug. 28, 2009.

John E. Richards, Richards & Valdez, Dallas, TX, for appellant.

Richard Klein, Richardson, TX, for appellee.

Before Justices MOSELEY, O'NEILL, and MURPHY.

## OPINION

Opinion By Justice MOSELEY.

The parties to this appeal are the biological parents of S.E.K. and H.A.K.[1] Mother appeals the trial court's order in a suit to modify the parent-child relationship. The modification order, among other things, removed Mother and Father as joint managing conservators of S.E.K. and H.A.K., and appointed Mother as sole managing conservator for S.E.K and Father as sole managing conservator for H.A.K. In five issues, Mother contends the trial court erred by not making a finding of fact regarding allegations of sexual abuse against Father and by not recording an in-chambers interview with H.A.K. Mother also contends the trial court abused its discretion by granting Father's petition to modify the parent-child relationship and by appointing him sole managing conservator for H.A.K. and by requiring her visitation with H.A.K. be supervised. We affirm the trial court's order.

### BACKGROUND

Mother and Father were divorced in 1996. In the divorce decree, and in an agreed order in a suit to modify the parent-child relationship in 1999, they were appointed joint managing conservators of their four children. In 2005, Father filed a motion to enforce his visitation rights arguing Mother was alienating the children from him. He later filed a motion to modify custody alleging Mother was over-medicating the children and seeking inappropriate mental health treatment for them.

Mother filed a petition to terminate Father's parental rights, alleging that in 2005 the three oldest three children made outcries of sexual abuse by Father. Mother eventually dismissed the petition for termination and filed a counter-petition for modification. In November 2006, Father was found not guilty in a criminal trial of the sexual assault charges involving the oldest three children.

After extensive motions and hearings, the modification proceeding was tried before the court in October 2007. At that

---

1. On our own motion, we identify the parties by fictitious names or by their initials only. TEX. FAM.CODE ANN. § 109.002(d) (Vernon 2008).

time, the oldest two children were over eighteen years of age and S.E.K. and H.A.K. were sixteen and fourteen years-old respectively. Both Father and Mother testified at trial. Several experts, both retained and court appointed, testified about the mental health of the children and their parents at various times; about the allegations of sexual abuse by Father; and about the allegations of parental alienation by Mother. Extensive records about the parties and children, including medical, child protective services, and school, were admitted. The oldest child testified by deposition about sexual abuse allegations against Father.

The trial court signed the modification order that is the subject of this appeal on April 7, 2008. The order removed both parents as joint managing conservators, and appointed Mother as sole managing conservator of S.E.K. and Father as sole managing conservator of H.A.K. The order gave the parents only supervised visitation over their respective non-custody child. The trial court, upon request, signed initial findings of fact; after Mother requested additional findings, the trial court later signed corrected findings of fact and conclusions of law.

Among other things, the trial court found Mother had engaged in a pattern of parental alienation toward Father regarding the children, had not acted in the best interests of the children, and that allowing Mother unsupervised access to H.A.K. would not be in the child's best interest and would cause a serious immediate concern about the child's welfare. The trial court also found there had been allegations of sexual molestation against Father, that as a result of those allegations, Father's access to the children was significantly curtailed, and Father was found not guilty at a trial on those allegations. The court found that during his marriage to Mother,

Father had contemplated suicide and had received psychological treatment and therapy, and that no mental health issues were observed concerning Father after their divorce. The court found the circumstances of the children or a conservator had materially and substantially changed and modification was in the best interest of the children.

## Discussion

Because S.E.K. is now over eighteen years of age, this appeal concerns only the modification order as to H.A.K. In her first issue, Mother argues the trial court erred by not entering a finding of fact as she requested about the allegations of sexual abuse by Father under family code section 153.004(b). Tex. Fam.Code Ann. § 153.004(b) (Vernon 2008). In her second issue, she complains that the trial court did not make a record of its interview with H.A.K. See id. § 153.009(f). Thus her issues both arise from chapter 153 of the family code, which governs the initial determination of conservatorship, possession, and access. See Tex. Fam.Code Ann. §§ 153.001–.611.

However, this is a proceeding to modify a child-custody determination under chapter 156 of the family code. See Tex. Fam. Code Ann. §§ 156.001–.410. Chapters 153 and 156 are distinct statutory schemes that involve different issues. In re V.L.K., 24 S.W.3d 338, 343 (Tex.2000). Chapter 156 modification cases raise additional policy concerns such as stability for the child and the need to prevent constant litigation in child custody cases. Id. The legislature has determined the standard and burden of proof are different in original and modification suits. Id. And the supreme court concluded the presumption in section 151.131(a) that a parent should be appointed as sole managing conservator or both parents as joint managing conservators did

not apply in a modification proceeding under chapter 156. *Id.* at 343–44.

In a chapter 156 modification case, the controlling issues are whether modification is in the best interest of the child and whether the circumstances of the child or a conservator have materially and substantially changed. Tex. Fam.Code Ann. § 156.101. The legislature did not express its intent to include the parental presumption or the section 153.004(b) domestic violence presumption in chapter 156 modification cases, although it did express its intent regarding modifications where a conservator has been convicted of child abuse or family violence. *See* Tex. Fam.Code Ann. §§ 156.104–.1045; *In re L.M.M.*, No. 03–04–00452–CV, 2005 WL 2094758, *7 (Tex.App.-Austin 2005, no pet.) (mem. op.) (citing *V.L.K.* and concluding the presumptions of chapter 153, including section 153.004, do not apply to chapter 156 modifications).

■ Certainly evidence of sexual abuse or family violence must be considered in determining the best interest of the children in a modification proceeding. However, we conclude the section 153.004(b) presumption does not apply in this chapter 156 modification case. *V.L.K.*, 24 S.W.3d at 343–44. Thus, Mother has not shown that the trial court erred by failing to make the requested finding of fact under section 153.004(b) in the context of a chapter 156 modification proceeding.[2]

■ Similarly, section 153.009(f)—which governs the making of a record of a court's in-chambers interview of a child concerning the child's wishes as to conservatorship or as to the person who shall have the exclusive right to determine the child's primary residence—does not expressly apply to a chapter 156 modification proceeding. *See* Tex. Fam.Code Ann. § 153.009(f) ("On the motion of a party ... the court shall cause a record of the interview to be made...."). Even if it applied, however, the record shows Mother did not file a motion requesting a record of the trial court's interview with H.A.K.; her request related only to the court's interview with S.E.K.[3] Thus, Mother has not shown the trial court erred by not making the record. We overrule Mother's first and second issues.

■ Issues three, four, and five are argued together. Mother claims the trial court abused its discretion by failing to properly consider expert testimony about Father's alleged sexual abuse, by appointing Father as sole managing conservator of H.A.K., and by granting Mother only supervised visitation of H.A.K. She does not challenge the finding of a material and substantial change in circumstances; thus we focus on the best interest of the children. *See* Tex. Fam.Code Ann. § 156.101.

■ The trial court has broad discretion in matters of custody. *Coleman v. Cole-*

---

2. As this is not an original custody proceeding under chapter 153, we do not decide whether the trial court must make findings of fact concerning the section 153.004 presumptions in such a proceeding. *See Buckeye Retirement Co., LLC, Ltd. v. Bank of America, N.A.*, 239 S.W.3d 394, 402 (Tex.App.-Dallas 2007, no pet.) (trial court required to enter findings of fact only on ultimate or controlling issues, not evidentiary matters); *Rafferty v. Finstad*, 903 S.W.2d 374, 376 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (findings required only on ultimate or controlling issue—whether divi-

sion of marital estate was just and right—rather than evidentiary findings as to parties' relative earning capacities, investments of separate property in community residence, or cruelty). We decide only that such findings are not required in a chapter 156 modification proceeding. *See V.L.K.*, 24 S.W.3d at 344.

3. Mother did not challenge the trial court's modification order as to S.E.K., and in any event, S.E.K. is now an adult.

man, 109 S.W.3d 108, 110 (Tex.App.-Austin 2003, no pet.). We review the trial court's order under well-established abuse of discretion standards. See In re M.P.B., 257 S.W.3d 804, 811–12 (Tex.App.-Dallas 2008, no pet.). We review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's order. Garner v. Garner, 200 S.W.3d 303, 306 (Tex.App.-Dallas 2006, no pet.). A trial court does not abuse its discretion if some evidence of a substantial and probative character exists to support the trial court's decision. M.P.B., 257 S.W.3d at 811–12. The trial court is in the best position to observe the witnesses and their demeanor and, therefore, is given great latitude when determining the best interests of the children. Garner, 200 S.W.3d at 310.

■■■ In making her arguments under these issues, Mother does not challenge any of the specific fact findings of the trial court. She does attack the trial court's refusal to make any of several alternative additional findings she requested. Unchallenged findings of fact are binding on the appellant. See Hotel Partners v. KPMG Peat Marwick, 847 S.W.2d 630, 632 (Tex.App.-Dallas 1993, writ denied). Further, the trial court is not required to make additional findings or conclusions that are unnecessary or contrary to its judgment or that are merely evidentiary or aimed at tying down the court's reasoning rather than its conclusions. See Vickery v. Commission for Lawyer Discipline, 5 S.W.3d 241, 254 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); Rafferty, 903 S.W.2d at 376.

■■■ The trial court's findings, including those mentioned above, indicate the court considered the relevant factors for determining the best interests of the children in this case. See Holley v. Adams, 544 S.W.2d 367, 371–72 (Tex.1976); In re J.A.,

109 S.W.3d 869, 876–77 (Tex.App.-Dallas 2003, pet. denied). Other factors in modification cases are the child's need for stability and the need to prevent constant litigation regarding conservatorship of the child. V.L.K., 24 S.W.3d at 343; M.P.B., 257 S.W.3d at 813–14.

The record is replete with conflicting factual and expert testimony. The trial court had reports and testimony from retained and court-appointed experts who reached conflicting opinions regarding Mother, Father, and the children. The experts were supplied varying amounts of information and much of it was one-sided or incomplete. The evidence also contained extensive reports from several sources regarding Father, Mother, and the children.

The trial court was in the best position to judge and weigh all the evidence presented and resolve the substantial conflicts in the evidence. See Garner, 200 S.W.3d at 310. Based on the extensive conflicts in the record and giving due deference to the trial court as finder of fact in this case, we cannot say on this record the trial court abused its discretion by modifying the parent-child relationship as it did. Accordingly, we overrule Mother's third, fourth, and fifth issues.

## CONCLUSION

We conclude the trial court did not err by not entering an evidentiary finding of fact as requested by Mother or by failing to make a record of the in-chambers interview with H.A.K. We also conclude Mother has not shown the trial court abused its discretion by modifying the parent-child relationship.

We affirm the trial court's order.