**Affirm and Opinion Filed August 27, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00253-CV**

## IN THE INTEREST OF S.K.D AND J.E.D., MINOR CHILDREN

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-19830-Z**

### MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Bridges

Katherine Duncan appeals the trial court's order modifying the parent-child relationship appointing John Duncan as joint managing conservator of S.K.D. and J.E.D. with the exclusive right to designate both children's residence and ordering Katherine to pay $800 per month in child support. In four issues, Katherine argues the trial court erred in not entering an order consistent with a mediated settlement agreement between the parties, failing to make specific findings regarding child support, awarding attorney's fees against Katherine, and not conducting a jury trial as requested. We affirm the trial court's order.

In May 2006, John and Katherine divorced. John and Katherine were named joint managing conservators of their two children, S.K.D. and J.E.D., with John having primary custody and the right to determine the residence of the children. The divorce decree further

[1] The Hon. Martin Richter, Justice, Assigned

obligated Katherine to pay $100 per month in child support and required John to maintain health insurance for the children. In June 2006, Katherine filed a petition to modify the parent-child relationship seeking to have herself appointed sole managing conservator with the exclusive right to designate the primary residency of the children. In November 2007, the trial court referred the case to mediation, and a mediated settlement agreement (MSA) was reached in March 2008. Under the terms of the MSA, John and Katherine remained joint managing conservators of S.K.D. and J.E.D., but Katherine was given primary possession of S.K.D., their daughter, with the exclusive right to establish her residence. John retained primary possession of their son, J.E.D. The MSA further required John to pay $1050 per month in child support and continue to provide health insurance for the children.

On November 11, 2008, Katherine filed an emergency petition to modify the parent-child relationship in which she sought modification of the divorce decree "and/or" the MSA. The same day, the trial court entered an order dismissing the case for want of prosecution. On November 18, 2008, John filed a motion to reinstate the case, but he non-suited the motion to reinstate on December 15, 2008. The next day, the trial court dismissed the case without prejudice. On December 22, 2008, John filed a first amended counter-petition to modify the parent-child relationship in which he sought to be named sole managing conservator of S.K.D. and J.E.D. with the exclusive right to designate the children's primary residence, consent to their medical treatment, and manage certain financial matters. Further, the motion requested that Katherine's access to the children be restricted and that she be ordered to submit to a psychological evaluation and six months of drug testing.

In November 2009, the trial court conducted a trial before the court at which Katherine represented herself pro se. Nearly a year after trial, on November 1, 2010, the trial court entered an order containing the court's findings that the circumstances of the children, a conservator, or

other party had materially and substantially changed and that the requested modification was in the best interest of S.K.D. and J.E.D. The order provided that John and Katherine would remain joint managing conservators, but John was given the exclusive right, among other things, to designate the primary residence of S.K.D. and J.E.D. and to consent to psychological and psychiatric treatment. Katherine's possession of J.E.D. was roughly equal to John's but her access to S.K.D. was restricted to two hours of supervised access per week at Hannah's House Supervised Visitation and Exchange Center. During the first six months following the entry of the order, Katherine was ordered to submit to random drug testing three times at a time and location determined by John. Finally, the order awarded John $50,000 in attorney's fees against Katherine. This appeal followed.

In her first issue, Katherine argues the trial court erred by not entering an order in accordance with the parties' March 2008 MSA. Specifically, Katherine relies on section 153.0071 of the family code in arguing that a mediated settlement agreement in a suit affecting the parent-child relationship is "enforceable," and an "MSA cannot be repudiated to prevent judgment on the matter." Essentially, Katherine argues the MSA entitled her to an order in strict accordance with the terms of the MSA, and the trial court erred in failing to enter such an order. We disagree.

Section 153.0071 of the family code provides that, if an MSA meets the requirements of that section, "a party is entitled to judgment on the [MSA] notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." TEX. FAM. CODE ANN. § 153.0071(d), (e) (West 2008). Thus, Katherine's issue arises under chapter 153 of the family code, which governs the initial determination of conservatorship, possession, and access. *See id.* §§ 153.001-.611; *In re S.E.K.*, 294 S.W.3d 926, 928 (Tex. App.—Dallas 2009, pet. denied).

–3–

However, this is a proceeding to modify a child-custody determination under chapter 156 of the family code. *See* TEX. FAM. CODE ANN. § 156.001-.410; *In re S.E.K.*, 294 S.W.3d at 928. Chapters 153 and 156 are distinct statutory schemes that involve different issues. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000); *In re S.E.K.*, 294 S.W.3d at 928. Chapter 156 modification cases raise additional policy concerns such as stability for the child and the need to prevent constant litigation in child custody cases. *In re V.L.K.*, 24 S.W.3d at 343; *In re S.E.K.*, 294 S.W.3d at 928. The legislature has determined the standard and burden of proof are different in original and modification suits. *In re V.L.K.*, 24 S.W.3d at 343; *In re S.E.K.*, 294 S.W.3d at 928. In a chapter 156 modification case, the controlling issues are whether modification is in the best interest of the child and whether the circumstances of the child or a conservator have materially and substantially changed. TEX. FAM. CODE ANN. § 156.001. Here, the trial court found the circumstances of the children, a conservator, or other party had materially and substantially changed and that the requested modification was in the best interest of S.K.D. and J.E.D. Under these circumstances, we conclude the trial court in this chapter 156 modification proceeding was not bound to enter an order in strict compliance with an MSA reached under chapter 153. *See In re V.L.K.*, 24 S.W.3d at 343; *In re S.E.K.*, 294 S.W.3d at 928. We overrule Katherine's first issue.

In her second issue, Katherine argues the trial court erred in calculating the amount of child support awarded and failed to make specific findings as required by family code section 154.130. Section 154.130 requires the trial court, upon request, to state whether application of child support guidelines would be unjust or inappropriate and enter findings as to the obligor's net resources and the percentage applied to the obligor's net resources for child support. TEX. FAM. CODE ANN. § 154.130. Here, contrary to Katherine's argument, the trial court's order states that, "In accordance with Texas Family Code section 154.130 the Court makes the

–4–

following findings and conclusions" regarding its child support order. The order states the amount of child support ordered by the court is in accordance with the percentage guidelines, sets out Katherine's monthly net resources, specifies the amount of child support payments each month based on the percentage guidelines, and identifies the percentage applied as twenty-five percent. Thus, because the trial court's order actually contains the findings Katherine complains were lacking, we overrule her second issue.

In her third issue, Katherine argues the trial court erred in awarding attorney's fees against her, and the award was not supported by the evidence. The trial court has discretion to award attorney's fees in a suit affecting the parent-child relationship. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996); *see also* TEX. FAM. CODE ANN. § 106.002(a) (West 2008). We review an award of fees under section 106.002 for an abuse of discretion. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.).

An attorney's testimony about the reasonableness of his or her own fees is not like other expert witness testimony. *Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010). Although rooted in the attorney's experience and expertise, it also consists of the attorney's personal knowledge about the underlying work and its particular value to the client. *Id.* The attorney's testimony is not objectionable as merely conclusory because the opposing party, or that party's attorney, likewise has some knowledge of the time and effort involved and, if the matter is truly in dispute, the opposing party, or that party's attorney, may effectively question the attorney regarding the reasonableness of his fee. *Id.*

Factors to consider in determining the reasonableness of attorney's fees are:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Evidence of each of the *Andersen* factors is not required to support an award of attorney's fees. *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.).

Here, John's attorney testified regarding her qualifications and experience, her hourly rate, and the total amount of attorney's fees John incurred. She testified her own fee "with respect to getting ready for today's trial" was $44,371.68. She testified her additional fee, including the day of trial, was $6000. John's attorney submitted an exhibit containing a "calculation of the total attorney's fees [John has] incurred since – I mean from July of 2006 until November 23, 2008." Under these circumstances, we conclude the trial court did not abuse its discretion in awarding John $50,000 in attorney's fees under section 106.002 of the family code. *See* TEX. FAM. CODE ANN. § 106.002(a) (West 2008); *In re A.B.P.*, 291 S.W.3d at 95. We overrule Katherine's third issue.

In her fourth issue, Katherine argues the trial court erred in failing to conduct a jury trial. Specifically, Katherine argues she paid the $30 jury fee and requested a jury trial in a January 2009 pleading. Thus, she argues, the trial court erred in failing to grant her request.

When a party has perfected its right to a jury trial in accordance with rule of civil procedure 216 but the trial court instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial court in doing so, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial. *Sunwest Reliance Acquisitions Grp. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ). Here, Katherine represented herself pro se at a bench trial. She did not object to the absence of a jury or indicate she intended to stand on her right to a jury trial. Accordingly, we conclude Katherine waived her right to complain about the trial court's failure to conduct a jury trial. *See id.* We overrule Katherine's fourth issue.

We affirm the trial court's order.

110253F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.K.D AND J.E.D., MINOR CHILDREN

No. 05-11-00253-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 05-19830-Z.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

        It is **ORDERED** that appellee John Duncan recover his costs of this appeal from appellant Katherine Duncan.


Judgment entered August 27, 2013


                                        /David L. Bridges/
                                        DAVID L. BRIDGES
                                        JUSTICE