**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00575-CV**
_____

**IN THE INTEREST OF B.P.R. & G.D.R.**

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 30274**

**MEMORANDUM OPINION**

This is an appeal from an order modifying the terms governing the parent-child relationship between J.G.C. (Mother), R.R. (Father), and their children, B.P.R. and G.D.R.[1] In the sole issue presented on appeal, Father argues the trial court abused its discretion by ordering him to reimburse Mother's mileage expenses if the parents exchanged the children at a location designated by the trial court's order. The location identified for the exchange is approximately midway

---

[1]To protect the privacy of the parties involved in this appeal, we identify them by their respective initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014).

1

between the cities where the parents reside. We conclude that the evidence before the trial court failed to demonstrate that it was fair and equitable to order Father to reimburse Mother for her mileage expenses that resulted from Mother's decision to move. Without legally sufficient evidence to establish that imposing Mother's increased expenses on Father was fair and equitable, we hold the trial court abused its discretion by requiring that Father reimburse Mother her mileage.

Background

In April 2011, Mother filed a petition seeking to modify an existing order governing the parent-child relationship between Mother and Father.[2] In her third-amended petition, her live pleading with respect to the order now at issue, Mother asked for several modifications to the existing order. In a counterpetition, Father agreed the circumstances leading to the rendition of the existing order had materially changed; he also suggested the existing order should be modified, but he requested modifications different from those requested by Mother.

Most of the parties' disputes were resolved by a jury, but the remaining issues were resolved at a bench trial, conducted in October 2012. The issues resolved during the October 2012 bench trial include the reimbursement issue now

---

[2]The previous order that controlled the parent-child relationship between the parties, which Mother alleged was rendered on April 30, 2010, is not in the record before us. The record also does not reflect when the parties first became involved in a suit affecting their relationship with their children.

on appeal. Based on the jury's findings, and the issues decided by the trial court in October, the trial court rendered a modified order[3] that allows the children to reside anywhere in Texas and designates Mother as the party with the right to designate the children's primary residence. The modified order also requires the children to be surrendered and returned at a designated location, approximately midway between the cities where the parents now live. Under the terms of the modified order, unless Father chooses to take and return the children to Mother at her residence, Father must pay Mother a specified mileage reimbursement when he picks up or delivers the children to the designated location.

Father filed a timely notice of appeal from the trial court's ruling on the reimbursement issue. Unlike a notice of appeal that indicates an appellant desires to appeal all issues, Father's notice is limited because it states that he desires to appeal from the order because it required that he "reimburse [Mother's] mileage at the government rate for pickup and delivery of the children[]" as "calculated from the residence of [Mother] to the designated halfway place, billed to [Father], and paid monthly." Father's notice of appeal also indicates that he desired to appeal from the order's requirement giving him "the option to pick up and return the children at the residence of [Mother] to avoid paying mileage."

---

[3]The modified order is dated October 25, 2012, and it is the order that is the subject of the present appeal.

Father raises the same issues in his brief that he identified in his notice of appeal. According to Father, the law and evidence does not support the trial court's decision requiring him to reimburse Mother for her mileage. In support of his appeal, Father filed the reporter's record from the bench trial held in October 2012, the proceeding in which the trial court decided that Father should reimburse Mother for her mileage. Father did not file any other reporter's records that may have been made at the other evidentiary hearings occurring before October 2012, as the issues resolved in those hearings apparently did not directly involve the mileage issue. Additionally, other than the issues that are identified in Father's notice of appeal, Father did not file a separate statement of the points or issues to be presented on appeal. *See* Tex. R. App. P. 34.6(c)(1) (explaining the effect on appellate issues of filing a partial reporter's record).

After the parties filed their briefs, we inquired whether Father intended to file an appeal based on a partial record, and we asked if Mother had been given adequate notice that Father was pursuing an appeal on limited issues. We did so to allow Mother the opportunity to designate any additional records that she felt were necessary if we were to decide that the appeal should be treated as an appeal under Texas Rule of Appellate Procedure 34.6. *See id.* 34.6(c)(2) (allowing the other party to a limited appeal the opportunity to "designate additional exhibits and

portions of the testimony to be included in the reporter's record"). In response to our inquiry, Father asserted that by designating the issues on which he desired to appeal in his notice of appeal, he had perfected a limited appeal under Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure. In her response, Mother asserted that Father failed to file a formal statement of points or issues: she concludes that he failed to comply with the requirements of Rule 34.6(c). Mother's response notes that a complete failure to comply with Rule 34.6's requirements requires an appellate court to affirm the trial court's ruling. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (stating that failure to file statement of points required appellate court to presume record's omitted portions supported the trial court's judgment).

## Limited Appeal

Rule 34.6 of the Texas Rules of Appellate Procedure allows parties to pursue appeals using a partial reporter's record of the proceedings from the trial court. Tex. R. App. P. 34.6(c)(1). When parties have based their appeal on a partial reporter's record, as allowed by Rule 34.6(c), appellate courts presume the "partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." Tex. R. App. P. 34.6(c)(4). In cases involving limited appeals under Rule 34.6, appeals courts are to presume that all

the reporter's record necessary for the resolution of the issues the appellant identified in its statement of points or issues are before the appeals court, "even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue." *Id*. When the party pursing the appeal files a statement of points or issues to be presented in the appeal, a document that is supposed to be filed when the appellant requests a partial reporter's record, Rule 34.6(c) allows any other party to the appeal to "designate additional exhibits and portions of the testimony to be included in the reporter's record." Tex. R. App. P. 34.6(c)(2).

Although Rule 34.6(c)(1) states the appellant is to include in its request for a partial reporter's record a statement of the points or issues, the Texas Supreme Court has not required strict compliance with that part of the rule. *Bennett*, 96 S.W.3d at 229. In adopting a flexible approach, the *Bennett* Court indicated that the statement of points or issues need not be included in the request for the reporter's record unless the circumstances indicated that the appellee had been prejudiced by the appellant's tardiness. *Id*. In *Bennett*, the Supreme Court noted that the appellee did not claim that the delay resulting from the appellant's failure to strictly comply with Rule 34.6(c) prevented him from identifying the relevant issues, supplementing the reporter's record, or adequately preparing his arguments. *Id*. at

6

229-30 (concluding that statement of issues filed two months late was sufficient to limit appeal to partial reporter's record when appellee had more than two months after receiving notice of the issues to file his brief and did not contend that he was prejudiced by the tardiness).

Since the Texas Supreme Court decided *Bennett*, other intermediate courts have concluded that notices of appeal identifying the specific issues being appealed comply with Rule 34.6(c), which governs appeals that utilize a partial reporter's record. *See Brawley v. Huddleston*, No. 02-11-00358-CV, 2012 Tex. App. LEXIS 10058, at \*\*4-6 (Tex. App.—Fort Worth 2012, no pet.); *Melton v. Toomey*, 350 S.W.3d 235, 237 (Tex. App.—San Antonio 2011, no pet.).

In this appeal, in response to our question whether the appeal should be treated as an appeal on a partial record, Mother indicated that "no additional record is necessary or exists on the mileage reimbursement issue other than what was previously provided." Moreover, Mother has not argued that she was prejudiced by whatever ambiguity Father injected into the proceedings by not strictly complying with the requirement that he include a statement of points or issues in his request for the partial reporter's record. Here, the sole issue Father sought to appeal is identified by Father's notice of appeal. The issue that Father identified in his notice was not enlarged upon in his brief, which he filed approximately six months after

Mother had notice of the issue he intended to appeal. Mother had an opportunity to designate additional portions of the reporter's record before we resolved the issue Father presented, but she declined to do so. In these circumstances, and in light of *Bennett*, we are required to overlook Father's failure to file a statement of points or issues and treat his notice of appeal as the document stating the points on which he appealed. Because we conclude that the appeal should be processed as an appeal on a partial reporter's record, we are also required to presume that the partial reporter's record "constitutes the entire record for purposes of reviewing" Father's issue. *See* Tex. R. App. P. 34.6(c)(4); *see also Bennett*, 96 S.W.3d at 229-30; *Brawley*, 2012 Tex. App. LEXIS 10058, at **5-6.

## Mileage Reimbursement

In his brief, Father argues that the trial court's decision regarding the mileage reimbursement was arbitrary because it was not fair and equitable. According to Father, the record indicates that Mother should pay her own mileage because she was the one who decided to move. Father also asserts Mother failed to plead a claim asking to be reimbursed for her mileage.

Mother asserts that Father failed to preserve his sufficiency argument for our review on appeal. Mother notes that Father never advised the trial court of his

8

objection to reimbursing her for her mileage when the case was before the trial court.

While Father did not file a motion or object when the trial court announced that it was going to require that he reimburse Mother her mileage, he was not required to do so to preserve a legal or factual insufficiency complaint for review on appeal following a bench trial. *See* Tex. R. App. P. 33.1(d). However, by participating in the hearing addressing the reimbursement claim without objection, Father did waive his complaint that Mother had failed to plead her claim that she be reimbursed for her mileage. *See* Tex. R. App. P. 33.1(a); *see also Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied) (holding that understood matters considered and ruled upon by the trial court without complaint can be deemed tried by consent).

Father also asserts that Mother's failure to plead the claim makes the judgment void. We disagree. If a decree contains an erroneous property division, it may be voidable, but it is not void when the trial court has jurisdiction over the subject matter and the parties. *See Seabron v. Seabron*, No. 04-12-00482-CV, 2013 WL 4685440, at *3 (Tex. App.—San Antonio Aug. 30, 2013, pet. denied) (mem. op.) (citing *Hagen v. Hagen*, 282 S.W.3d 899, 907 (Tex. 2009)); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (explaining difference between

9

void and voidable judgments). Father does not assert that the trial court did not have jurisdiction over him or that it did not have jurisdiction over the subject matter—the modification of an order in a suit affecting his relationship with his children. In such proceedings, trial courts are authorized to render awards when expenses have increased because of a change in residence. *See* Tex. Fam. Code Ann. § 156.103(a) (West 2014). Although an order imposing such an award may be challenged for error on appeal, the order is not void if the trial court has jurisdiction over the parties; therefore, the rules require that most errors be pointed out to the trial court to preserve the right to have the complaint reviewed on appeal. *See Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2011) (noting voidable trial court actions must be timely raised to avoid waiver); *David v. Crist Indus., Inc.*, 98 S.W.3d 338, 342 (Tex. App.—Fort Worth 2003, pet. denied) ("If . . . the complaint is that the judge acted in a case without statutory or procedural authority, the alleged error is not void, but voidable, and must therefore be raised by objection or complaint to be preserved for appellate review.").

The issue Father raises in his appeal was also not waived by his failure to make the trial court aware of the legal and factual sufficiency issue raised in Father's brief. In a nonjury case, a party need not formally object to the trial

court's ruling regarding complaints that concern legal or factual sufficiency to have those complaints reviewed on appeal. Tex. R. App. P. 33.1(d).

We review Father's complaint that the evidence does not support the trial court's award on the reimbursement issue using an abuse of discretion standard. *In re S.N.Z.*, 421 S.W.3d 899, 908 (Tex. App.—Dallas 2014, pet. denied). A trial court's findings are reviewable for legal and factual sufficiency under the same standards used to review claims alleging the evidence is insufficient to support a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). "[I]n family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result, legal and factual insufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion." *Moroch*, 174 S.W.3d at 857; *see also Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). "In determining whether a trial [court] abused [its] discretion because the evidence is insufficient to support the decision, we first look to whether the [court] had sufficient evidence upon which to exercise [its] discretion and then look to whether the [court] erred in [its] application of that discretion." *In re S.N.Z.*, 421 S.W.3d at 908.

11

We apply the appropriate sufficiency standards to Father's issue. *Id.*; *Boyd*, 131 S.W.3d at 611. We must then determine whether, based on the evidence presented at trial, the trial court made a reasonable decision. *Moroch*, 174 S.W.3d at 857. To uphold the trial court's order, after reviewing the evidence before the trial court, the evidence must show that the trial court's decision was neither arbitrary nor unreasonable. *Id.* In a legal sufficiency review, appeals courts consider the evidence in the light most favorable to the court's order and indulge every reasonable inference supporting the order. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). A trial court does not abuse its discretion if some evidence of a substantial and probative character exists to support the decision. *In re S.E.K.*, 294 S.W.3d 926, 930 (Tex. App.—Dallas 2009, pet. denied).

The partial record before us indicates that Mother decided to move to the Dallas area, while Father maintained his same residence. The partial record does not show any other evidence explaining why Mother decided to move. The partial reporter's record also reflects that the trial court heard no evidence during the October hearing regarding the financial circumstances of either Mother or Father.

The Family Code provision addressing modifying an existing order because of a change of residence provides:

> (a) If a change of residence results in increased expenses for a party having possession of or access to a child, the court may render

appropriate orders to allocate those increased expenses on a fair and equitable basis, taking into account the cause of the increased expenses and the best interest of the child.

(b) The payment of increased expenses by the party whose residence is changed is rebuttably presumed to be in the best interest of the child.

(c) The court may render an order without regard to whether another change in the terms and conditions for the possession of or access to the child is made.

Tex. Fam. Code Ann. § 156.103 (West 2014). Thus, section 156.103(b) creates a rebuttable presumption that the child's best interest is served by imposing the increased expenses on the party who moved. The partial reporter's record before us contains no evidence rebutting the statutory presumption. Therefore, there is no evidence of a substantial and probative character to support the trial court's decision that the statutory presumption in section 156.103(b) should not be applied. *See In re S.N.Z.*, 421 S.W.3d at 908; *Moroch*, 174 S.W.3d at 857. We sustain Father's sole issue.

When reversing a trial court's decision, we are required to render the judgment the trial court should have rendered. Tex. R. App. P. 43.3. Because no evidence supported the decision, we delete sections 1(g)(2) and 1(g)(3) on page 14 of the "Order in suit to Modify Parent-Child Relationship," dated October 25, 2012. In all other respects, the trial court's order is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on March 4, 2014
Opinion Delivered October 16, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.