**Affirm in part, Reverse and Render in part; Opinion Filed July 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00890-CV

**PHONETERNET, LLC AND ADAM ALFIA, Appellants**
**V.**
**DRAWBRIDGE DESIGN, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-04591-D**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Lang

Phoneternet, L.L.C. and Adam Alfia appeal the trial court's judgment in favor of Drawbridge Design and against Alfia, in his individual capacity, and Phoneternet, L.L.C., jointly and severally, for breach of contract in the amount of $5,504.00 and $12,000.00 in attorney fees. In two issues on appeal, Phoneternet L.L.C. and Alfia argue the trial court erred in denying their motion for new trial because (1) the trial court erred in granting judgment against Alfia in his individual capacity and (2) the trial court erred in holding Phoneternet, L.L.C. liable for attorney fees. We decide against appellants on their first issue and in favor of them on their second issue. Accordingly, the trial court's judgment is affirmed in part and reversed and rendered in part.

## I.     Factual and Procedural Background

Kimberlie Miller, the owner and sole proprietor of Drawbridge Design, testified that after obtaining Adam Alfia's approval she created and emailed to Adam Alfia a written estimate, referred to as a "service estimate," for Drawbridge Design to perform design services. Alfia signed and dated the service estimate and "returned it back" to Miller. Then, Miller began performing work. Alfia's signature did not reference any representative capacity for any entity. At the time Miller sent the service estimate to Alfia regarding the design services, Miller testified she believed she was providing the service estimate to Alfia personally. Alfia testified that when he "entered into the service estimate [he] signed," he was not signing the service estimate in his individual capacity. According to Alfia, he signed the service estimate on behalf of Maestro, which is a "personal assistant service" and a "DBA of Phoneternet, LLC."

The service estimate was admitted into evidence at trial. It is undisputed this service estimate is the contract that is the subject of this litigation. The service estimate is a one page document on Drawbridge Design's letterhead set out in the form of a memorandum. It is addressed "To: Adam Alfia."   Under Alfia's name, the word "Maestro" appears, and under the word "Maestro" an address appears. At the bottom of the service estimate, the words "[a]pproved by" appear above a signature line. The signature line shows Alfia's signature. "Maestro" does not appear on the signature line. The words "Phoneternet, L.L.C." do not appear anywhere on the service estimate.

Following a bench trial, the trial court rendered judgment for Drawbridge Designs against Alfia, individually, and Phoneternet, L.L.C. (d/b/a/ as "Maestro"), jointly and severally, in the amount of $5,504.00 in damages and attorney's fees in the amount of $12,000.00. Appellants then filed a motion for new trial that was denied by operation of law.

## II. Standard of Review

We review a trial court's denial of a motion for new trial and award of attorney's fees under an abuse of discretion standard. *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 368 (Tex. App.—Dallas 2005, no pet.). Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). "A trial court does not abuse its discretion if some evidence of a substantive and probative character exists to support the trial court's decision." *In re S.E.K.*, 294 S.W.3d 926, 930 (Tex. App.—Dallas 2009, pet. denied).

Review of a trial court's action under the abuse of discretion standard is a question of law. *Id.* Legal and factual sufficiency of the evidence are relevant factors to consider when determining whether the trial court abused its discretion. *Pickens v. Pickens,* 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001, pet. denied); *Dunn v. Dunn,* 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

## III. Denial of Motion for New Trial

### A. Applicable Law

It is well-settled that the law does not presume agency. *Sw. Bell Media, Inc. v. Trepper*, 784 S.W.2d 68, 71 (Tex. App.—Dallas 1989, no writ). When an agent seeks to avoid personal liability on a contract he signs, it is his duty to disclose that he is acting in a representative capacity and the identity of his principal as "the person dealt with is not bound to inquire whether or not the agent is acting as such for another." *Trepper*, 784 S.W.2d at 71–72; *see also Wright Grp. Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 201 (Tex. App.—Dallas 2011) (concluding "[i]t was not [appellee's] duty to inquire or discover the principal for whom

–3–

[appellant] allegedly acted"); *see also Latch v. Gratty, Inc.*, 107 S.W.3d 543, 546 (Tex. 2003) (per curiam). "When an individual signs a contract without indicating that he is signing in a representative capacity, he is liable on the contract." *Pierce,* 343 S.W.3d at 201. "If [a] contract clearly shows on its face that it is the obligation of the person who signed it, parol evidence is inadmissible to show that the person intended only to bind his principal." *Id* at 200.

### B. Application of the Law to the Facts

In their first issue, appellants assert "the trial court erred in entering judgment against Alfia individually" because "there is essentially no evidence in the record showing Alfia as the proper party" to the service estimate. In this case, Alfia signed the service estimate using his name and did not insert a company or corporate name showing he was an agent. Drawbridge Design was not bound to "inquire or discover" the principal for whom Alfia allegedly acted. *See Pierce,* 343 S.W.3d at 201; *see also Trepper*, 784 S.W.2d at 71–72, *See also Lake v. Premier Transp*., 246 S.W.3d 167, 171 (Tex. App.—Tyler 2007, no pet.). We conclude on its face the service estimate shows Alfia did not sign in a representative capacity. Therefore, the trial court did not err in concluding Adam Alfia, individually, was liable to Drawbridge Design. We decide against appellants on their first issue.

### IV. Attorney Fees

### A. Applicable Law

Texas follows the American Rule, which provides that litigants may recover attorneys' fees only if specifically provided for by statute or contract. *See Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011); *Choice! Power, L.P. v. Feeley*, No. 01-15-00821-CV, 2016 WL 4151041, at \*8 (Tex. App.—Houston [1st Dist.] Aug. 4, 2016, no pet. h.). Section 38.001 of the Texas Civil Practice and Remedies Code authorizes an award of attorneys' fees for certain enumerated classes of claims

brought by a "person" against "an individual or corporation." See TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015); *Choice!*, 2016 WL 4151041, at \*8. Under the plain language of section 38.001, a trial court cannot order limited liability partnerships (L.L.P.), limited liability companies (L.L.C.), or limited partnerships (L.P.) to pay attorneys' fees. *See Choice!*, 2016 WL 4151041, at \*11 (section 38.001 does not permit recovery against an L.P.); *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 452–55 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (section 38.001 does not permit recovery against an L.L.C.). The availability of attorneys' fees under a particular statute is a question of law for the court. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 574 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

### B. Application of the Law to the Facts

In their second issue, appellants argue "limited liability companies such as Phoneternet, LLC cannot be held liable for attorney fees" and therefore they "request[] the court set aside the award of fees against [Phoneternet LLC]." Drawbridge Design does not dispute that Phoneternet L.L.C. is a limited liability company. Rather, it argues that because the court "awarded fees against both the LLC and Alfia, jointly and severally" the trial court "did not act unreasonably when entering judgment for attorneys' fees against both [a]ppellants." However, Drawbridge Design does not cite any case law to support its contention and we find none. We conclude section 38.001 of the Texas Civil Practice and Remedies Code does not permit recovery of attorney fees against a limited liability company. *See Alta Mesa Holdings,* 488 S.W.3d 438, 452–55. The trial court erred in awarding attorney's fees against Phoneternet, L.L.C. We decide in favor of appellants on their second issue.

## V.    Conclusion

For the above reasons, we conclude the trial court did not err by not granting the motion for new trial as to Adam Alfia's liability in his individual capacity. The judgment against Alfia in his individual capacity as to the damages and attorney's fees awarded is affirmed. However, we conclude the trial court erred in not granting the motion for new trial as to the award of attorney fees to Drawbridge Design against Phoneternet, L.L.C. Accordingly, we reverse the award of attorney's fees in Drawbridge Design's favor against Phoneternet L.L.C. and render a judgment that Drawbridge Design recover no attorney fees against Phoneternet, L.L.C. In all other respects the trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

170890F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHONETERNET, LLC AND ADAM
ALFIA, Appellants

No. 05-17-00890-CV          V.

DRAWBRIDGE DESIGN, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-16-04591-D.
Opinion delivered by Justice Lang. Justice
Myers and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court

against Adam Alfia in his individual capacity as to the damages and attorney's fees awarded is

**AFFIRMED**. We **REVERSE** that portion of the trial court's judgment that awards attorney's

fees in Drawbridge Design's favor against Phoneternet, L.L.C.  We **RENDER** a judgment that

Drawbridge Design recover no attorney fees against Phoneternet, L.L.C.  In all other respects,

the trial court's judgment is **AFFIRMED**.


Judgment entered this 3rd day of July, 2018.