**Opinion issued November 26, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

**NO. 01-22-00640-CV**

———————————————

**FRANK C. POWELL AND EVANS AND POWELL, PLLC, Appellants**

**V.**

**KEVIN FLETCHER AND STEVEN FLETCHER, Appellees**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-67151**

---

## MEMORANDUM OPINION

Frank Powell and his law firm Evans and Powell, PLLC appeal from two orders levying sanctions and a third order awarding attorneys' fees as sanctions to the appellees, Kevin and Steven Fletcher. We affirm.

## Background

This case arose from a custody proceeding between Catherine Molloy and Kevin Fletcher, the parents of twin children who were born in 2011. The parties in the custody case included the paternal grandfather Dr. Steven Fletcher. They reached a mediated settlement agreement ("MSA") in March 2019. In June 2019, Powell appeared as counsel for Molloy. He initiated an arbitration proceeding mandated by the MSA to address disputes about drafting the final order. He threatened to initiate further litigation and cause financial burden to the Fletchers if they did not renegotiate the settlement agreement.

After the final order was entered in August 2019, Powell filed post-judgment motions and appeals purportedly on Molloy's behalf.[1] During the course of the post-judgment litigation, Molloy communicated with the Fletchers that she wished to end the litigation and did not wish for Powell to continue representing her. The Fletchers made this Court aware through a motion to show authority, and this Court abated the case and remanded to the trial court for a hearing regarding Molloy's representation.

The trial court held a five-day hearing in summer 2020. Molloy, Powell, Molloy's brother, and the Fletchers and their counsel testified during the hearing.

---

[1] Powell moved to recuse the trial judge, alleging that the trial judge had committed a criminal offense. *See Powell v. Fletcher*, 695 S.W.3d 675, 677 (Tex. App.— Houston [1st Dist.] Mar. 26, 2024, pet. filed) (elaborating on Powell's harassing behavior and upholding $19,000 sanction against him for filing recusal motion in bad faith).

Molloy stated that she repeatedly informed Powell that she desired to terminate both the litigation and his representation of her. When she did so, Powell threatened to sue Molloy and told her that she could be subject to criminal penalties. Molloy testified that she had been in an intimate relationship with Powell against her will, that he was her landlord, and that he was her employer. He used these relationships to control her life. He verbally abused her when she stated that she wanted to end the litigation. He also threatened her housing and her employment. Eventually, Powell terminated Molloy's employment, evicted her, and disclosed her mental health records. He also requested that a guardian ad litem be appointed for Molloy without a hearing, claiming he was an expert who could judge her competency. Molloy testified that Powell's post-judgment motion alleging that she had been coerced by Kevin Fletcher into signing the MSA was a lie. Evidence at the hearing also showed that Powell refused to turn over Molloy's client file to her new counsel.

Molloy testified that she tried to "be polite" and placate Powell, editing some documents related to the litigation and complimenting Powell. Powell testified that Molloy's editing of the documents and commentary showed her assent to his representation. Testimony at the hearing also established that Powell represented Molloy's brother pro bono in an unrelated matter. Powell threatened to end his representation of Molloy's brother if the brother refused to sign affidavits accusing

3

Molloy of misconduct. Molloy and her brother testified that the statements in the affidavits were false. Tragically, Molloy died soon after her testimony.

On September 3, 2020, the trial court entered extensive findings of facts and conclusions of law. The trial court held that Powell did not have authority to represent Molloy and that he had lacked authority to represent her since September 2019. The court held that Powell failed to follow Molloy's direction and wishes regarding representation. The trial court found Molloy credible and found Powell not credible. The court detailed multiple conflicts of interest inherent in Powell's relationships with Molloy. While representing Molloy without compensation, Powell also employed her as an attorney at his law firm, provided her with housing, and was in a sexual relationship with her. Powell represented her brother pro bono in an unrelated matter and predicated his continued representation on receiving signatures from the brother on affidavits with allegations against Molloy. The trial court's findings include that Powell disclosed Molloy's confidential information, including health information. He also took positions and filed documents that unreasonably delayed resolution of the underlying case or were solely to harass and increase the financial burden on the parties. He refused to surrender Molloy's client file to her new counsel. The trial court sanctioned Powell $491,582.72.

Powell moved to void the order awarding sanctions, and as a result, the Fletchers moved to increase the deposit in the court registry and for sanctions against

4

Powell. In July 2022, the trial court denied Powell's motion and granted the Fletchers' motion. The July 2022 court order required Powell to add an additional $76,000 deposit into the registry of the court and sanctioned him an additional $7,500. The court held that Powell had invoked the continuing jurisdiction of the trial court by filing his motion and setting it for hearing. The court found that Powell's motion was groundless and had no basis in law or fact, and that Powell failed to disclose material facts and controlling case law. The court stated that Powell's motion was brought in bad faith to harass the Fletchers, and that Powell had previously articulated his intent to harass them and their counsel, including his strategy to increase litigation costs by filing duplicitous litigation. The court sanctioned Powell $7,500 based on the attorney's fees that the Fletchers incurred in defending the motion and to deter Powell's further misconduct. The court included conditional, additional awards should Powell appeal. The July 2022 order stated that under the terms of the September 2020 sanctions order, Powell must deposit $76,000 into the court's registry because additional appellate proceedings had been initiated.

Between January 2020 and July 2022, Powell filed a series of recusal motions. Judge Robert Schaffer was appointed by the Texas Supreme Court to hear Powell's fifth recusal motion. This motion sought to recuse Regional Presiding Judge Susan Brown from presiding over Powell's fourth recusal motion directed at the trial court.

5

The trial court denied Powell's motion to recuse Judge Brown. In September 2022, the court awarded $5,500 in attorney's fees, plus additional appellate fees.

In this appeal, Powell appeals the September 2020 sanctions order, the July 2022 sanctions order, and the September 2022 attorney's fee award. On appeal he argues that the trial court did not have jurisdiction to sanction him because the plenary power over the final order based on the MSA had expired. He also argues that the trial court erred in awarding fees to Dr. Fletcher because he lacked standing to be a party in the underlying child custody suit. In a third issue, he contends that the trial court abused its discretion by awarding the September 2020 sanctions against him because the evidence before the trial court was conflicting. Moreover, he alleges that the trial court abused its discretion in various rulings during the summer 2020 hearing because the trial court was biased. He also contends that the trial court's bias led to the erroneous denial of his recusal motions. He argues that the trial court erred in imposing additional sanctions in July 2022 without giving him opportunity to be heard. Finally, he contends that the trial court erred in awarding attorney's fees against him in September 2022 because he did not file a tertiary recusal motion. We affirm.

## Jurisdiction

In his first issue, Powell argues that the trial court lacked jurisdiction to sanction him because the court's plenary power had expired. He contends that all

post-judgment orders are void. The Fletchers respond that this Court has previously stated that the trial court had jurisdiction to sanction Powell's conduct, and even without this Court's specific permission, the trial court retained authority to sanction misconduct committed before it, including conduct that occurred after plenary power expired.

On June 23, 2020, this Court abated an appeal[2] involving Molloy and the Fletchers because the Fletchers had moved to show authority, alleging that appellant Molloy had informed them that she no longer wished to prosecute the appeal and that her attorney, Powell, was refusing to follow her instructions. We ordered the trial court to file in this Court findings of fact as to whether Molloy wished to continue prosecuting her appeal and the identity of the legal counsel representing her and "to take any other action the court deems necessary to make such findings of fact." In September 2020, after a hearing, the trial court found that Powell did not have authority to represent Molloy after September 2019, yet he continued filing documents in the trial court.[3] The trial court sanctioned Powell in September 2020

---

[2]     Purportedly on behalf of Molloy, Powell appealed the trial court's final judgment entering the MSA. *Molloy v. Fletcher*, No. 01-19-00840-CV, 2021 WL 1618466, at *1 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, no pet.) (mem. op.) (per curiam) (dismissing Molloy's appeal after her death and stating trial court had continuing jurisdiction and authority to impose sanctions against Powell).

[3]     Indeed, Powell continued filing documents even after the September 2020 trial court order.

and July 2022. In September 2022, the trial court ordered him to pay attorney's fees for filing a tertiary recusal motion. Powell argues the trial court lacked jurisdiction to sanction him on each occasion.

We have expressly held that the trial court had jurisdiction and authority to sanction Powell. *See Molloy v. Fletcher*, No. 01-19-00840-CV, 2021 WL 1618466, at *1 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, no pet.) (mem. op.) (per curiam) ("In light of the trial court's continuing and exclusive jurisdiction, the trial court has the authority to determine whether to impose sanctions in accordance with its previously prepared findings of fact and conclusions of law.); *In re Molloy*, No. 01-19-00894-CV, 2021 WL 1618469, at *1 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, no pet.) (mem. op.) (per curiam) ("In light of the trial court's continuing jurisdiction, the trial court may conduct any necessary post-judgment proceedings, including imposition of sanctions consistent with its previously prepared findings of fact and conclusions of law.").

Even without this pronouncement, the trial court retained continuing, exclusive jurisdiction to enforce its judgment in the underlying suit. TEX. FAM. CODE § 155.001 (trial court acquires continuing, exclusive jurisdiction in suit affecting parent-child relationship). The MSA required Powell to refrain from harassing the Fletchers. In its later findings of fact and conclusions of law, the trial court found that Powell engaged in additional litigation to harass the Fletchers.

Under these circumstances, the trial court also had authority to sanction Powell for his conduct. Courts "possess inherent powers that aid the exercise of their jurisdiction, facilitate the administration of justice, and preserve the independence and integrity of the judicial system." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718 (Tex. 2020); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979) (recognizing the inherent power of courts which they "may call upon to aid . . . in the preservation of [their] independent and integrity.") Sanctions are "not a judgment on the merits of an action," and instead, require the trial court to determine a collateral issue of whether an attorney abused the judicial process, and if so, what sanctions would be appropriate. *In re Bennett*, 96 S.W.2d 35, 39 (Tex. 1997) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)). Under Powell's view, his conduct after the final order adopting the MSA would be unpunishable and without recourse. But Powell filed numerous motions and pleadings in the trial court after the MSA became final to undermine and undo the MSA. Powell's attempt to avail himself of the trial court is inconsistent with his contention that the trial court lacks authority to sanction his actions. In this case, the trial court had authority to sanction Powell for his egregious conduct. We overrule Powell's first issue.

## Standing

In his second issue, Powell argues that Dr. Fletcher lacked standing to participate in the underlying custody suit, therefore, the trial court could not sanction Powell's misconduct directed toward Dr. Fletcher.

Whether Dr. Fletcher had standing in the underlying custody dispute is not relevant to the sanctions orders that Powell appeals. Standing turns on whether the aggrieved party has a "claim of injury" not "too slight for a court to afford redress." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). Powell does not dispute that his conduct impacted Dr. Fletcher. The trial court found that Powell engaged in behavior specifically to harass Dr. Fletcher and increase litigation costs and burdens. The trial court did not err in ordering sanctions against Powell for conduct that impacted Dr. Fletcher. We overrule Powell's second issue.

## Sufficiency of the Evidence

Powell challenges the sufficiency of the evidence to support the September 2020 sanctions order. He argues that the evidence is insufficient because there was contradictory evidence before the trial court. We disagree.

### A.   Standard of Review

We review an appeal from an order imposing sanctions for abuse of discretion, and we will affirm if there is substantive and probative evidence to support the court's ruling. *Brewer*, 601 S.W.3d at 717. A trial court abuses its discretion if it acts

without reference to guiding rules and principles, such that the ruling is arbitrary or unreasonable. *Id.* "The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam).

We review the entire record to determine whether it includes some evidence of a substantive and probative character that supports the trial court's decision. *See Brewer*, 601 S.W.3d at 717 ("A decision lacking factual support is arbitrary and unreasonable and must be set aside."). We defer to the credibility decision made by the trial court. *Anderson v. Hernandez*, No. 01-21-00490-CV, 2023 WL 8630980, at *6 (Tex. App.—Houston [1st Dist.] Dec. 14, 2023, no pet.) (mem. op.) (citing *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014)). "[L]egal and factual sufficiency of the evidence are not independent grounds of error but are merely factors to be considered in determining whether the trial court abused its discretion." *In re Roisman*, 651 S.W.3d 419, 440 (Tex. App.—Houston [1st Dist.] 2022, no pet.).

A sanction must be neither unjust nor excessive. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014) ("*Nath I*"). A sanction is "just" when it is "directed against the abusive conduct with an eye toward remedying the prejudice caused to the innocent party." *Id.* A sanction is not excessive when it is "no more severe than necessary to satisfy its legitimate purposes . . .[which] may include securing compliance with the relevant rules of civil procedure, punishing violators,

11

and deterring other litigants from similar misconduct." *Id.*; *see also Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) ("To determine if sanctions were appropriate or just, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed.").

A trial court may be authorized to impose sanctions against a party or the party's attorney by rule, statute, or inherent authority. *See, e.g.*, TEX. R. CIV. P. 13 (Effect of Signing Pleadings, Motions and Other Papers; Sanctions); TEX. CIV. PRAC. & REM. CODE §§ 9.001–.014 (Frivolous Pleadings and Claims); *id.* §§ 10.001–.006 (Sanctions for Frivolous Pleadings and Motions); *Phillips v. Am. Bankers Ins. Co. of Fla.*, No. 01-18-00375-CV, 2019 WL 3121856, at *7 (Tex. App.—Houston [1st Dist.] July 16, 2019, pet. denied) (mem. op.) ("A trial court possesses the inherent authority to impose sanctions for a bad faith abuse of the judicial process even when the specific conduct is not covered by a rule or statute.").

## B.    The trial court did not abuse its discretion by imposing sanctions.

After the summer 2020 hearing, the trial court made 176 factual findings and 21 conclusions of law. The trial court found that Powell and his firm did not have authority to represent Molloy and had lacked authority to represent her since September 21, 2019. The trial court found that Molloy "clearly and unequivocally" desired to dismiss her appellate matters, yet Powell refused to do so.

The trial court found that Powell acted with bad faith and intent to harass the Fletchers and their counsel during the June 2019 arbitration of the MSA. The court found that Powell's main objective in attending the arbitration was to threaten continued, expensive litigation if the Fletchers did not capitulate to Powell and his proposed MSA terms. The trial court held that Powell's verbal threats against the Fletchers were evidence of his bad faith both in the trial court and in the appeals that followed.

The trial court also found that Powell filed multiple motions after the arbitration in bad faith for the purpose of harassment and increasing the Fletchers' litigation costs. Powell alleged that family violence had impaired Molloy's ability to make decisions at the mediation and that Molloy had been coerced into signing the MSA. Powell also frivolously filed motions against the Fletchers accusing them of fraud. The court held that the motions were filed to harass and intimidate the Fletchers.

On appeal, Powell challenges some but not all the trial court's findings. He alleges that Molloy's testimony was inaccurate. He challenges whether some of his filings were in fact baseless. He argues that the evidence of whether his filings accusing Kevin Fletcher of family violence was a sham is "not conclusive." He reasserts his standing complaint regarding Dr. Fletcher, and he argues that contrary

13

to the court's findings, the evidence shows that he did turn over Molloy's file to her new counsel.

Powell does not specifically challenge the trial court's findings regarding his threats to opposing counsel and the Fletchers during and after the arbitration that occurred in June 2019. The trial court found that Powell's actions were motivated by personal animosity toward opposing counsel and the opposing parties. The court found that his actions demonstrated an intent to harass the Fletchers and their counsel and that his objective was to threaten continued, expensive litigation if the Fletchers did not renegotiate the MSA terms. The court also found that Powell pursued his "own agenda in the litigation notwithstanding the requests, desires, or needs of his client." He threatened to create havoc for the opposing parties. The court found that these threats were evidence of bad faith.

We must uphold the trial court's sanctions order if it is correct on "any legal theory supported by the record." *Anderson*, 2023 WL 8630980, at *6. The unchallenged trial court findings that Powell's actions were motivated by an improper purpose independently justify sanctions. The trial court found that Powell's actions were designed to harass the Fletchers, needlessly increasing their litigation costs. *See* TEX. CIV. PRAC. & REM. CODE § 10.001(1). "[A]n improper purpose alone is a sufficient predicate for sanctions under Chapter 10." *Nath I*, 446 S.W.3d at 366 n.14. The trial court did not abuse its discretion in sanctioning Powell.

Moreover, to the extent Powell argues that we must reverse because the trial court heard evidence that contradicted the trial court's findings, this argument is erroneous. We review sanctions determinations for an abuse of discretion and defer to the trial court's credibility determinations. *Id.* The trial court heard overwhelming evidence that Powell had no authority to represent Molloy after September 2019. This included evidence of Powell's threats to Molloy and his refusal to follow her instructions, evidence that Powell refused to turn over Molloy's client file, and that he made a baseless request for a guardian for her. The trial court heard testimony and reviewed documentary evidence showing that Powell had threatened Molloy when she attempted to end the litigation. He threatened to fire her and evict her, and he was verbally abusive towards her. The trial court was free to judge the credibility of Powell's testimony. The fact that there was in any way conflicting evidence before the trial court does not render the trial court's findings erroneous. We hold that the trial court did not abuse its discretion in sanctioning Powell. We overrule Powell's issue related to the sufficiency of the evidence to support the September 2020 sanctions order.

**Judicial Impartiality**

In two separate issues, Powell alleges that the trial court was biased. In one issue, Powell complains about the way the trial court conducted the September 2020 hearing, arguing that the trial court did not conduct proceedings that were "fair and

appropriate."[4] Though he presents his argument as one about the trial court's management of the proceedings, he includes several sub-arguments complaining about various evidentiary rulings, credibility of witnesses, attorney-client privilege, supplementation of the record, and the trial court's factual findings. In a separate issue,[5] Powell contends that the trial court abused its discretion by denying his "motions to recuse." He also complains about the judge's conduct during the hearings and the findings of facts and conclusions of law.

Both issues are multifarious. Multifarious issues bring forth combined complaints based on more than one legal theory within a single issue. *Walker v. Walker*, 642 S.W.3d 16, 212 (Tex. App.—El Paso 2021, no pet.); *see Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied) (stating that issue is multifarious when it generally attacks the trial court's order with numerous arguments). Appellate courts may disregard points of error that are multifarious. *Walker*, 642 S.W.3d at 212; *Restrepo v. Alliance Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 733 (Tex. App.—El Paso 2017, no pet.), *abrogated in part on other grounds by Serafine v. Crump*, 691 S.W.3d 917, 921 (Tex. 2024) (per curiam); *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.).

---

[4]    Powell briefs this argument as "Issue Three."

[5]    In Powell's brief, this is issue five.

16

In both instances, Powell has "combined complaints based on more than one legal theory within a single issue, and, consequently brought forth a multifarious issue on appeal." *Quiroz v. Gray*, 441 S.W.3d 558, 591 (Tex. App.—El Paso 2014, no pet.); *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ) (stating that an issue is multifarious when it embraces more than one specific ground of error, or if it attacks several distinct and separate rulings of the court). We may consider multifarious issues in the interest of justice if we can discern, with reasonable certainty, the error about which the appellant complains. *Walker*, 642 S.W.3d at 212; *Restrepo*, 538 S.W.3d at 733–34. In considering the appellant's brief, we keep in mind that the Rules of Appellate Procedure require a brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). "Bare assertions of error, without argument or authority, waive error." *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.).

Powell's issue regarding the way in which trial was conducted contains several different complaints about the trial court rulings. Some of the sub-issues Powell argues include that the trial court erroneously ignored the rules of evidence, systematically excluded admissible evidence, limited the scope of cross-examination, controlled the order of witnesses, excluded testimony based on attorney-client privilege, and excluded testimony based on hearsay that was not

17

hearsay. He fails to show in each instance how the trial court's error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1. He also does not appropriately cite to authority to support each of his arguments. TEX. R. APP. P. 38.1(i). For example, though he complains about evidentiary rulings, Powell does not cite to the Texas Rules of Evidence governing admission of evidence, and he does not explain how the trial court's evidentiary rulings caused him harm. We hold that Powell's issue related to the trial court's abuse of discretion in conducting the proceedings is multifarious. We cannot discern his arguments with reasonable certainty, and the issue on appeal will be disregarded. *See Restrepo*, 538 S.W.3d at 733–34 (noting that appellants challenged the sufficiency of the evidence to support a jury's verdict but disregarding interjected sub-issues which included argument about erroneous evidentiary rulings).

Similarly, Powell's issue regarding the trial court's abuse of discretion in denying his motions for recusal is multifarious. Powell first complains about denial of the recusal motions but also complains about the trial court's actions during the August 2020 hearings, such as dictating the order of witnesses. He finally argues that the findings of fact and conclusions of law are "self-serving, self-dealing" and designed to "exact revenge and punishment on Powell." Powell has combined complaints based on multiple legal theories into a single issue. *Quiroz*, 441 S.W.3d at 592.

The issue is also inadequately briefed. TEX. R. APP. P. 38.1(i) (stating brief must contain clear and concise argument with appropriate citations to authorities and to record.) Powell states that the court abused its discretion in denying his "motions to recuse." He does not include citations to the record for the motions or the orders denying them. He does not explain when the motions were filed and when or how the trial court denied them. When an appellate issue lacks citation to the record, nothing is presented for review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal). An appellate court has no duty to perform an independent review of the record to determine whether there was error. *Dowling v. Perez*, No. 01-22-00865-CV, 2024 WL 628871, at *1 (Tex. App.— Houston [1st Dist.] Feb. 15, 2024, no pet.) (mem. op.) (citing *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ("An appellate court is under no duty to make an independent search of the record for evidence supporting an appellant's position."). To do so would abandon our role as neutral adjudicators and have us become an advocate for that party. *Dowling*, 2024 WL 628871, at *1. It is not possible to decipher what motions Powell filed, when he filed them, and when the trial court denied them. Powell has waived this issue.

Finally, we note, as to each issue regarding the trial court's conduct and refusal to recuse based on that conduct, a trial court has broad discretion over the conduct of a trial and the exclusion of evidence. *JLG Trucking, LLC v. Garza*, 446 S.W.3d 157, 161 (Tex. 2015) (citing *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001)). In the exercise of this discretion, a trial court may, among other things, "control the presentation of evidence so as to avoid needless consumption of time." *In re M.A.S.*, 233 S.W.3d 915, 924 (Tex. App.—Dallas 2007, pet. denied); *see State v. Gaylor Inv. Tr. P'ship*, 22 S.W.3d 814, 819 (Tex. App.— Houston [14th Dist.] 2010, no pet.) ("Every trial court has the inherent power to control the disposition of the cases on its docket 'with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Hoggett v. Brown*, 971 S.W.2d 427, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied))). Additionally, evidentiary decisions are committed to the trial court's sound discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). "'[J]udicial rulings alone almost never constitute a valid basis for a bias'" because "bias or prejudice is something more than unfavorable ruling and must 'connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate.'" *Casas v. State*, 524 S.W.3d 921, 924 (Tex. App.—Fort Worth 2017, no pet.) (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). The trial court had discretion to

"maintain control and promote expedition" of the hearing, which was conducted remotely. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

We hold that Powell's issues regarding judicial impartiality and denial of his motions to recuse based on alleged bias are multifarious and inadequately briefed.

## Opportunity To Be Heard

Powell next argues that the trial court erred by imposing additional sanctions against him in July 2022 without giving him an opportunity to be heard. The record does not support this assertion.

The record reflects that in May 2022, nearly two years after the order was entered, Powell moved to void the trial court's September 3, 2020, sanctions order. At a July 12, 2022, hearing on Powell's May 2022 motion, Powell objected to determination of sanctions issues at the hearing. The trial court ruled in his favor and set a hearing for three days later. Powell did not object, and the court held the hearing as scheduled. The trial court denied his motion to void the September 2020 sanctions order, held that the motion had been filed for an improper purpose, and ordered additional sanctions against Powell.

The record does not support Powell's contention that the trial court sanctioned him without "sufficient notice." Moreover, Powell did not preserve this complaint for appellate review because he did not object in the trial court. TEX. R. APP. P.

21

33.1(a). A party must first complain in the trial court to preserve a complaint for appellate review. TEX. R. APP. P. 33.1(a)(1)(A).

The trial court sanctioned Powell because he filed a motion in May 2022 that was baseless and filed for an improper purpose. TEX. CIV. PRAC. & REM. CODE § 10.001(1). The motion was filed nearly two years after the order about which it complains. The trial court did not abuse its discretion when it held that Powell brought the motion to harass the Fletchers yet again, to drive up litigation costs, and to file duplicitous litigation. *Brewer*, 601 S.W.3d at 717. Contrary to Powell's argument, the trial court specifically explained its calculations for determining the additional sanctions amount. *See Low*, 221 S.W.3d 609 at 614 (stating appellate court must ensure direct nexus between improper conduct and sanctions impose).

Additionally, the trial court awarded $75,000 plus conditional appellate fees to the Fletchers for the costs incurred in defending against the July 2022 motion and to deter Powell's further misconduct. The trial court also required an additional $76,000 deposited into the registry of the court because Powell had initiated additional appellate review of the September 3, 2020 order. By the terms of that order, the sanctions increased if it was appealed. We cannot say that the trial court's ruling was arbitrary or unreasonable. *Brewer*, 601 S.W.3d at 717. We overrule Powell's issue related to the July 15, 2022 sanctions order.

22

### Attorney's Fees for Tertiary Recusal Motion

Powell complains that the trial court's September 15, 2022, order awarding attorney's fees and denying Powell's motion to recuse the administrative judge must be vacated. He argues that the underlying motion to recuse was not a tertiary recusal motion. We disagree.

Section 30.016 of the Texas Civil Practice and Remedies Code states that a judge who hears and denies a tertiary recusal motion against another judge shall award reasonable and necessary attorney's fees and costs to the party opposing the motion. TEX. CIV. PRAC. & REM. CODE § 30.016(c). The section defines "tertiary recusal motion" as "a third or subsequent motion for recusal or disqualification filed against a district court" by the same party in a case. *Id*. § 30.016(a). Powell argues that he is not a party to the underlying litigation, and he did not file a tertiary motion. The record reflects that Powell filed five recusal motions in the case between January 28, 2020, and July 28, 2022. The first motion, filed January 28, 2020, was filed by Powell on Molloy's behalf. Even if we were to exclude that motion as filed for Molloy instead of Powell directly, the record reflects that Powell filed four additional recusal motions. Powell's repeated arguments that he cannot be sanctioned because he is not a party to the litigation are without merit. *Phillips*, 2019 WL 3121856, at *7. (stating that trial court has inherent authority to impose sanctions for abuse of judicial process)

Powell also argues that the trial court lost plenary power to enter the attorney's fees sanctions order because the order was entered 31 days after the court denied his recusal motion. The trial court denied the fifth motion to recuse on August 15, 2022. Two days later, the Fletchers moved for attorney's fees, arguing they were required because Powell's motion was a tertiary motion. The motion for fees extended the court's plenary power. *See* TEX. R. CIV. P. 329b(g). The trial court did not abuse its discretion in ordering attorney's fees as a sanction for a tertiary recusal motion. We overrule Powell's issue related to the September 2022 attorney's fees order.

## Conclusion

We affirm the judgment of the trial court. All pending motions are denied.

Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.